LOOSE *v.* CITY OF DEARBORN HEIGHTS

Officers—Civil Service—Public Employees—Police—Firemen—Statutes—Conflict.

There is no conflict between the provision of the civil service act providing for appointment and promotion of police and fire department personnel pursuant to civil service examinations and the provisions of the public employees' labor relations act which gives public employees the right to select bargaining representatives because the civil service act provides day-to-day procedural rules to be followed by the employer while the public employees' act provides the mechanism for changing those procedural rules (MCLA §§ 38.512, 423.211).

Appeal from Wayne, Carl M. Weideman, J. Submitted Division 1 February 11, 1970, at Detroit. (Docket No. 6,885.)   Decided May 27, 1970.

Complaint for mandamus by Donald Loose and Ingvald Paulson against the City of Dearborn Heights, the city civil service commission and John L. Canfield, Mayor, to compel removal of the city police chief and the holding of a civil service competitive examination for that office. Summary judgment for defendants. Plaintiffs appeal. Remanded for further proceedings consistent with opinion.

*Davidow & Davidow,* for plaintiffs.

*Duane Dunick,* Corporation Counsel, and *Theodore Monolidis,* Assistant Corporation Counsel, for defendants.

Reference for Points in Headnote
48 Am Jur 2d, Labor and Labor Relations § 1191.

Before: Quinn, P. J., and R. B. Burns and Fitz-gerald, JJ.

R. B. Burns, J. Dearborn Township established a police department in 1961. At that time plaintiff Loose joined the force. In April, 1963, the City of Dearborn Heights was formed from part of Dearborn Township and part of the City of Inkster. The township police department became the city police department. In November, 1964, the city adopted PA 1935, No. 78, MCLA § 38.511 (Stat Ann 1958 Rev § 5.3361) which provided for appointment and promotion of police and fire department personnel pursuant to civil service examinations.

During this time plaintiff Paulson was Dearborn Heights' police chief, but in August, 1966, he was demoted to lieutenant. On August 11, 1966, Mayor Canfield appointed Sergeant Tafelski as acting chief of police and made the appointment permanent November, 1966.

In February, 1968, plaintiff Loose filed a complaint for mandamus in circuit court asking the removal of Tafelski and an order to the civil service commission requiring it to hold a competitive examination for the office of police chief.

The trial judge dismissed the complaint on the grounds that the plaintiffs were guilty of laches, that to grant relief at such a late date would be inequitable to Tafelski and that the provisions of act 78 regarding advancement had been impliedly repealed by MCLA § 423.211 (Stat Ann 1968 Rev § 17.455[11]), which gives public employees the right to select bargaining representatives.

At oral argument this Court was informed that Tafelski had resigned as chief of police and had retired. Therefore, the Court will not discuss laches, but will confine the opinion to the conflict

between the civil service act for policemen and firemen and the statute giving public employees the right to select bargaining representatives.

The pertinent portions of the statutes are as follows:

MCLA § 38.512 (Stat Ann 1969 Rev § 5.3362).

"(b) Vacancies in positions in the fire and police department above the ranks of fireman or patrolman shall be competitive and filled by promotions from among persons holding positions in the next lower rank in the departments, who have completed 2 years in such rank and at least 5 years in the department. If no person or persons have completed 2 years in the next lower rank, the commission may hold examinations among persons in such rank as to all intent and purposes as though 2 years of service had been completed by such persons. Promotions shall be based upon merit to be ascertained by tests to be provided by the civil service commission and upon the superior qualifications of the persons promoted as shown by his previous service and experience."

MCLA § 423.211 (Stat Ann 1968 Rev § 17.455 [11]).

"Sec. 11.  Representatives designated or selected for purposes of collective bargaining by the majority of the public employees in a unit appropriate for such purposes shall be the exclusive representatives of all the public employees in such unit for the purposes of collective bargaining in respect to rates of pay, wages, hours of employment or other conditions of employment, and shall be so recognized by the public employer."

The repeal of a statute by implication is not permitted if it can be avoided by any reasonable construction of the statute. *Couvelis* v. *Michigan Bell Telephone Co.* (1937), 281 Mich 223; *Valentine* v.

*Redford Township Supervisor* (1963), 371 Mich 138.

In our opinion there is no conflict between these provisions of the civil service act and the public employees' labor relations act. The civil service act in the instant case provides day-to-day procedural rules to be followed by the employer. The public employees' act provides the mechanism for changing those procedural rules.

The cause is remanded to the circuit court for proceedings consistent with this opinion. No costs, a public question being involved.

All concurred.