ATTORNEY GENERAL, *ex rel.* OWEN, *v.* JOYCE.

1. STATUTES—CONSTRUCTION—REPEAL BY IMPLICATION RESTS ON LEGISLATIVE INTENT.

The theory of the principle of repeal by implication is that the latest expression of the legislative will should control, and when the intention of the legislature can be ascertained, it is the duty of the courts to give it force and effect.[1]

2. SAME—PRESUMPTION AGAINST REPEAL BY IMPLICATION.

The presumption is always against the intention to repeal where express terms are not used, and the implication, in order to be operative, must be necessary.[2]

3. SAME—INTENT TO REPEAL MUST CLEARLY APPEAR.

The intent to repeal must very clearly appear, and courts will not hold to a repeal if they can find reasonable ground to hold the contrary.[3]

4. SAME — INCOMPATIBLE PARTICULAR INTENTION EXCEPTION TO GENERAL.

When a general intention is expressed, and also a particular intention which is incompatible with the general one, the particular intention shall be considered an exception to the general one.[4]

5. SAME—HIGHWAY ACT—VACANCY IN OFFICE OF COUNTY ROAD COMMISSIONER—HOW FILLED—COUNTY OFFICERS.

The provisions of the highway act (1 Comp. Laws 1915, § 4354), authorizing the board of supervisors to fill vacancies in the office of county road commissioner, was not repealed, by implication, by the enactment of Act No. 199, Pub. Acts 1923, empowering the probate judge, prosecuting attorney, and county clerk to fill vacancies in certain county offices, and, therefore, the appointment by them of a person to fill a vacancy in said office was illegal.[5]

*Quo warranto* proceedings by Andrew B. Dougherty,

---

[1]Statutes, 36 Cyc. p. 1075; [2]Id., 36 Cyc. p. 1072; [3]Id., 36 Cyc. p. 1072; [4]Id., 36 Cyc. p. 1151; [5]Highways, 29 C. J. § 296.

attorney general, upon the relation of Edwin Owen, against William P. Joyce to try the title to the office of county road commissioner of Kent county.   Submitted January 12, 1926.   (Docket No. 90.)   Judgment of ouster entered against defendant March 20, 1926.

*Andrew B. Dougherty,* Attorney General (*Cornelius Hoffius,* of counsel), for plaintiff.

*Homer H. Freeland,* for defendant.

McDonald, J.   On June 26, 1925, there was a vacancy on the county road commission of Kent county. The probate judge, the prosecuting attorney, and the county clerk appointed William P. Joyce to fill the vacancy.   On the following day the board of supervisors appointed Edwin Owen.   In making the appointment, the county officials above named acted under authority of Act No. 199, Pub. Acts 1923.   The board of supervisors acted under authority of section 4354, 1 Comp. Laws 1915.   Joyce holds and exercises the duties of the office to the exclusion of Owen.   This is a *quo warranto* proceeding to determine whether he was legally appointed.

The question involved is stated by plaintiff in his brief, as follows:

"Does Act No. 199, Pub. Acts 1923, relating to the filling of vacancies in elective and appointive offices, containing no repealing clause, supersede that provision of the general highway law of the State, section 4354, 1 Comp. Laws 1915, which provides that in case a vacancy shall occur in the office of county road commissioner, the board of supervisors may appoint a commissioner to fill the vacancy?"

Act No. 199 is the later act.   It does not expressly repeal the former act.   The question is, Does it do so by implication?

The theory of the principle of repeals by implication is that the latest expression of the legislative will should control.    The question therefore is one of legislative intention.    When the intention of the legislature can be ascertained, it is the duty of the courts to give it force and effect.

But,

"The presumption is always against the intention to repeal where express terms are not used, and the implication, in order to be operative, must be necessary." 25 R. C. L. pp. 918, 919.

"Repeals by implication are not favored and will not be indulged in if there is any other reasonable construction."    25 R. C. L. p. 918.

"The intent to repeal must very clearly appear, and courts will not hold to a repeal if they can find reasonable ground to hold the contrary."    *Michigan Telephone Co.* v. *City of Benton Harbor,* 121 Mich. 512.

Does it clearly appear that in enacting Act No. 199, Pub. Acts 1923, the legislature intended to take away from the board of supervisors the right to fill vacancies on the county road commission, and vest it in the probate judge, prosecuting attorney, and county clerk? If such was the intention, defendant Joyce was legally appointed.    A brief examination of the two legislative enactments, with the circumstances under which they were enacted, will be necessary in determining the question.

Act No. 199 of 1923 is not limited in its application to county officers.    Its title reads:

"An act to provide for the filling of vacancies in appointive and elective public offices."

The applicable parts of the act are as follows:

"SECTION 5.    When a vacancy shall occur in an elective or appointive county office, it shall be filled in the following manner:

"1. If the vacancy shall be in the office of county

clerk or prosecuting attorney, it shall be filled by appointment by the judge or judges of that judicial circuit and the person appointed shall hold office for the remainder of the unexpired term.

"2. If the vacancy shall be in any other county office, either elective or appointive, the judge of probate, the county clerk and the prosecuting attorney shall appoint some suitable person to fill such vacancy and the person so appointed shall hold such office for the remainder of the unexpired term."

It will be noted that the portion of the act which gives the probate judge, county clerk and prosecuting attorney the power of appointment in certain cases does not expressly specify the office of road commissioner. But, as the road commissioner is a county officer, it may rightly be said that he is included in the general language, "any other county office." So that, considered independently of the prior statute, Act No. 199 vests in the county officials named the power of appointment to fill vacancies in the office of road commissioner.

The act which gave the board of supervisors the power of appointment is a part of the general highway law of the State. It is found in section 8 of Act No. 283, Pub. Acts 1909. This act contains a complete and comprehensive system of laws relating to highways. It touches no other subject of legislation. It is an expression of the legislative will in establishing a system under which the State could more effectively carry on an intensive program for the building of roads. In furtherance of this policy, the act created county road commissioners to be appointed by the supervisors in the first instance, and thereafter whenever vacancies occurred.

Can this special legislation be repealed by inference alone, by the subsequent enactment of a statute that does not pertain to highways, and contains no express language indicating its intention to repeal any part

of the highway law? This suggests the following principle, which we think is applicable:

"An act will not be construed to repeal or modify earlier legislation, if, giving such effect to the act, an apparent purpose would appear to disturb an established system of written law, covering a vital field in our system of government." 25 R. C. L. p. 919.

"The principle that the law does not favor repeals by implication is of especial application in the case of an important public statute of long standing, which should be shown to be repealed either expressly, or by a strong and necessary implication." 25 R. C. L. p. 920.

We are not convinced that, by the enactment of Act No. 199, the 1923 legislature intended to supersede any part of the general highway laws. There should be some clearer evidence of such intention than the general language of this general statute. The legislature of 1923 is presumed to have passed Act No. 199 with full knowledge of existing statutes. If it had intended to repeal any part of such an important law as the highway law, it is reasonable to suppose that its intention to do so would have been expressly stated and not left to inference and conjecture. The intention of the legislature to the contrary not clearly appearing, we hold that the provisions of the highway act authorizing the board of supervisors to make appointments to fill vacancies is still in force and effect notwithstanding Act No. 199, Pub. Acts 1923. The act of 1923 is within the scope of the constitutional power of the legislature, but, as to the appointment of county road commissioners, it is modified by the prior legislation on that subject. In this view of the matter the two acts can be harmonized; the first as the law for filling vacancies to a particular office; the second as the law for filling vacancies to elective and appointive offices generally.

"When a general intention is expressed, and also a particular intention which is incompatible with the general one, the particular intention shall be considered an exception to the general one." 1 Lewis' Sutherland Statutory Construction, p. 532, § 275.

It follows that the action of the probate judge, prosecuting attorney, and county clerk in appointing defendant Joyce to the vacancy on the Kent county road commission was illegal. As he is illegally holding the office, judgment of ouster will be entered.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.