ATTORNEY GENERAL, *ex rel.* LUMLEY, *v.* SCHULZ.

1. HIGHWAYS AND STREETS—COUNTY ROAD COMMISSIONER—APPOINTMENT TO FILL VACANCY—STATUTES.

Where county road commissioner died shortly before commencement of new term for which he had been elected, board of supervisors had power to fill such prospective vacancy for unexpired portion of term, and it was not required to reassemble after term began to fill it (1 Comp. Laws 1929, § 3983).

2. SAME—PUBLIC OFFICER—FILLING VACANCY.

Board of supervisors, having appointed county road commissioner to fill vacancy caused by death of officer elected, was without power to appoint another to said office during unexpired portion of said term by declaring said office appointive instead of elective (Const., art. 8, §§ 7, 8; 1 Comp. Laws 1929, §§ 3981, 3983).

3. QUO WARRANTO—COUNTY ROAD COMMISSIONER—OUSTER.

In *quo warranto* proceeding to test right to office of county road commissioner, officer appointed by board of supervisors to fill vacancy *held*, appointed for whole of unexpired term, and therefore is entitled to writ of ouster against another intruding into said office under appointment by board of supervisors for portion of same term (3 Comp. Laws 1929, § 15289).

*Quo warranto* by Paul W. Voorhies, Attorney General, on the relation of Harry W. V. Lumley, to oust Christian Schulz from the office of county road commissioner of Macomb county. Submitted January 18, 1933. (Docket No. 153, Calendar No. 36,968.) Judgment of ouster March 2, 1933.

*Paul W. Voorhies,* Attorney General, and *Alex. J. Groesbeck* and *William Van Dyke,* for plaintiff.

*Bert V. Nunneley* and *John H. Nunneley,* for defendant.

Sharpe, J. In this proceeding, the relator, Harry W. V. Lumley, by *quo warranto,* tests the right of the respondent, Christian Schulz, to hold the office of county road commissioner of the county of Macomb. This county adopted the county road system in 1912. The provisions of law relating thereto appear in 1 Comp. Laws 1929, § 3976 *et seq.* Section 3981 provides for the election of three commissioners. The boards of supervisors may make temporary appointments, but the appointees hold office only until the first day of January in the year in which the next regular session of the legislature is held, their successors having been elected at the general election preceding such session. A special election for that purpose may be called by the board of supervisors. These provisions apply to the first board elected or appointed after the system has been adopted. The election of commissioners in counties containing more than 12 surveyed townships is declared not to be mandatory, and the board of supervisors in any such county may, by a majority vote of its members-elect, appoint such commissioners.

In November, 1922, John R. Taylor was elected a commissioner. He was re-elected in November, 1928,

to serve for six years from and after January 1, 1929, but died on December 5th, without qualifying. At the December meeting of the board of supervisors, a resolution, pursuant to a request for applications theretofore made, was adopted on December 28, 1928, reading as follows:

"That the names of the applicants, who filed as candidates for the office of county road commissioner, which office is to be filled by this board on account of the vacancy in said office caused by the death of John R. Taylor, who was elected to the said office at the general election held November 6, 1928, for a term of six years commencing January 1, 1929, and ending December 31, 1934, be read and presented to the board."

The relator was an applicant for the position, and, on a vote taken therefor, was elected. He duly qualified as such, but, some uncertainty existing as to whether his appointment was only for the three remaining days of December, 1928, or for the term beginning on January 1, 1929, the board of supervisors, on January 10, 1929, adopted a resolution reading as follows:

"Move that we confirm our action taken December 28, 1928, and at this time appoint Harry W. V. Lumley to fill the vacancy of Macomb county road commissioner created by the death of John R. Taylor for the term of office from January 1, 1929, to December 31, 1934."

Lumley again qualified for the balance of the six-year term, and thereafter discharged the duties of said office. On May 19, 1932, the board of supervisors, in the exercise of the power which it claims is conferred upon it by section 3981, declared the office to be an appointive one, and, at a meeting held on October 10th of that year, appointed the respond-

ent as county road commissioner for the balance of the term ending December 31, 1934. He at once qualified and entered upon the duties of the office, and this proceeding, as before stated, is brought to test his right to hold the same.

It is urged by the respondent that the only vacancy existing on December 28th, when the resolution appointing relator was adopted, was for the three days between that date and December 31st, when Taylor's term to which he had been elected in 1922 would expire. But it was then apparent to the board of supervisors that, by reason of the death of Taylor, a vacancy would exist on January 1, 1929. In our opinion it was not required to reassemble on that day and fill such vacancy. It might anticipate the event and make provision therefor. It was advised by the prosecuting attorney that it had such power, and his opinion was fortified by a letter from the attorney general so holding. That it intended to fill the vacancy occurring on January 1st is apparent from the resolution adopted on January 10th confirming the action taken on December 28th.

In Mechem on Public Officers, § 133, it is said:

"A prospective appointment to fill an anticipated vacancy in a public office, made by the person or body which, *as then constituted,* is empowered to fill the vacancy when it arises, is, in the absence of express law forbidding it, a legal appointment, and vests title to the office in the appointee."

Supervisors in this State are elected in April of each year and hold office until their successors are elected and qualified.

Was such appointment terminated by the action of the board in declaring the office to be an appointive one and its appointment of respondent for the unexpired portion of the term?

The legislature, acting under the power conferred on it by the Constitution (Art. 8, §§ 7 and 8), provided that counties might adopt a county road system, and made provision for the election or appointment of commissioners.

Section 3983 reads, in part, as follows:

"In case a vacancy shall occur in the office of county road commissioner, the board of supervisors may appoint a commissioner to fill such vacancy, who shall hold office for the unexpired portion of the term in which the vacancy occurs. Each commissioner shall hold his office until his successor is elected and qualified."

In *Attorney General, ex rel. Owen,* v. *Joyce,* 233 Mich. 619, it was held that appointments to fill such vacancies should be made under this section, and not under section 5 of Act No. 199, Pub. Acts 1923 (1 Comp. Laws 1929, § 3369). There are provisions in the statute for the appointment of officials to fill vacancies in State, county, city and township offices. Sections 3365, 3369, 3370, 3381, 13530, 16370. Unless specially provided for therein (section 1130), the appointees hold during the unexpired portion of the term, except in the case of judicial officers, who hold only until their successors are elected and qualified.

Section 3983 specifically provides that the person appointed to fill a vacancy in the office of county road commissioner "shall hold office for the unexpired portion of the term in which the vacancy occurs." Mr. Lumley was appointed to fill such vacancy, and the action of the board in appointing Mr. Schulz was unauthorized.

In view of the conclusion reached, we are not called upon to decide whether section 3981 confers upon the board the power to take unto itself the appointment of commissioners after they have been

theretofore selected by election. There may be a question as to whether it was not intended thereby to permit the board, at the time the law became effective, to determine whether the commissioners should be elected or appointed, and whether the determination once made in this respect is not final. This question was not discussed by counsel, and what has been heretofore said may not be regarded as expressive of any opinion upon it.

On the record presented, we find that the respondent is guilty of intruding into and unlawfully holding the office of county road commissioner of the county of Macomb, and that, pursuant to the statute (3 Comp. Laws 1929, § 15289), he be ousted and altogether excluded from such office, and that relator do recover his costs against him.

McDonald, C. J., and Clark, Potter, North, Fead, Wiest, and Butzel, JJ., concurred.