COUVELIS *v.* MICHIGAN BELL TELEPHONE CO.

1. STATUTES—REPEAL BY IMPLICATION—INTENT.
   The repeal of a statute by implication is not favored but the intent to repeal must very clearly appear and courts will not hold to a repeal if they can find reasonable ground to hold to the contrary.

2. SAME—REPEAL—INCOMPATIBLE ACTS.
   Only when two acts are so incompatible that both cannot stand, does a later act repeal a former.

3. SAME—COMPILATION—ACTS NOT SPECIFICALLY REPEALED—INCOMPATIBLE ACTS.
   Inclusion in a general compilation of State statutes of acts not specifically repealed *held*, proper notwithstanding it is apparent that an earlier act contains penal provisions incompatible with a later statute (1 Comp. Laws 1929, §§ 81–91).

4. TELEGRAPHS AND TELEPHONES—STATUTES—REPEALS.
   Provisions of statute imposing penalty upon telephone company for failure to furnish service upon tender of usual or customary charges and for collection thereof by suit whereby State would receive one-half and for injunction from continuing in business *held*, repealed by subsequent statute providing for regulation and fixation of rates by a governmental commission and, for failure to furnish service in accordance with reasonable orders and rates fixed by such commission, imposing penalties collectible by the State only (Act No. 72, Pub. Acts 1883 [2 Comp. Laws 1929, § 11699]; Act No. 206, Pub. Acts 1913 [2 Comp. Laws 1929, §§ 11700–11725]).

Appeal from Berrien; Evans (Fremont), J. Submitted June 16, 1937. (Docket No. 120, Calendar No. 39,531.) Decided September 1, 1937.

Assumpsit by William Couvelis and another, doing business as Harbor Lunch, and the People of the State of Michigan against Michigan Bell Telephone Company, a corporation, to collect a statutory penalty. Directed verdict and judgment for defendant. Plaintiffs appeal. Affirmed.

*Charles W. Gore* and *E. A. Westin,* for plaintiffs.

*K. F. Oehler* and *C. E. Goodrich* (*Butzel, Eaman, Long, Gust & Bills, Thomas G. Long,* and *White & White,* of counsel), for defendant.

BUSHNELL, J. Plaintiffs, doing business in the city of Benton Harbor, as Harbor Lunch, joined the people with them in a suit to recover a statutory penalty from defendant, Michigan Bell Telephone Company, because of its failure to furnish flat rate telephone service from October 10, 1934, to August 10, 1935. The action was planted on 2 Comp. Laws 1929, § 11699, and damages were claimed in the sum of $15,000.

Defendant denied that it refused to furnish flat rate service and said that one of the plaintiff's telephone instruments was removed because the public generally was permitted to use the flat rate telephone contrary to the rules and regulations then on file with the Michigan Public Utilities Commission. After a hearing before the commission, a reinstallation of this instrument was made and flat rate service was again furnished, the new instrument being equipped with a shorter cord so that it would not be accessible to the general public. Defendant also claimed that plaintiff had service on both incoming and outgoing calls during the period mentioned through a pay station telephone located in its lunch room.

The telephone company stated that it was at all times ready and willing to furnish a flat rate telephone provided it was located in conformity with the applicable tariff regulations.

The answer of defendant denied that the section pleaded, 2 Comp. Laws 1929, § 11699, being Act No. 72, Pub. Acts 1883, was any longer in force and claimed that it had been repealed by implication by the enactment of Act No. 206, Pub. Acts 1913 (2 Comp. Laws 1929, §§ 11700–11725), Act No. 300, Pub. Acts 1909 (2 Comp. Laws 1929, §§ 11018–11068), and Act No. 419, Pub. Acts 1919 (2 Comp. Laws 1929, §§ 11006–11017).

The trial court held that Act No. 72, Pub. Acts 1883 (section 11699) was repealed by implication by Act No. 206, Pub. Acts 1913 (sections 11700–11725) and directed the jury to return a verdict for defendant.

Plaintiffs' appeal raises the question of the correctness of the trial judge's action.

Repeals by implication are not favored. The intent to repeal must very clearly appear, and courts will not hold to a repeal if they can find reasonable ground to hold to the contrary. *Michigan Telephone Co.* v. *City of Benton Harbor,* 121 Mich. 512 (47 L. R. A. 104).

"Only when two acts are so incompatible that both cannot stand does the latter repeal the former." *Village of Highland Park* v. *McAlpine,* 117 Mich. 666.

See, also, *In re Simmons,* 248 Mich. 297 and *In re Estate of Reynolds,* 274 Mich. 354.

Act No. 72, Pub. Acts 1883, is entitled: "An act relating to telephone companies, and to regulate the use and rental of telephones in this State," and contains but one section. It has been amended but once

and that was by Act No. 301, Pub. Acts 1909. The act provides, after stating the duty of every telephone company, etc., to furnish a telephone, etc., and service, that

"Every company, person, firm or corporation neglecting or refusing to comply with any of the provisions of this act, shall forfeit all right to transact a telephone business in this State, and may be enjoined therefrom and from leasing telephones to the public, from supplying the public with telephones and telephonic service, and from operating a telephone exchange, by bill of complaint filed in any court of competent jurisdiction, by any person, firm or corporation injured, interested or denied any of the rights herein given; or such person, firm or corporation neglecting or refusing to comply with any of the provisions of this act, shall forfeit not less than twenty-five nor more than one hundred dollars for each and every day such neglect or refusal shall continue, one-half to the use of the person, firm or corporation prosecuting therefor."

Act No. 206, Pub. Acts 1913, which the trial judge held repealed Act No. 72 by implication, was enacted in 1913, and is entitled:

"An act to declare telephone lines and telephone companies within the State of Michigan to be common carriers, to regulate the business of the same, provide for the consolidation thereof and prescribe a penalty for the violation of this act."

Act No. 206, as given in 2 Comp. Laws 1929, §§ 11700–11725, contains 26 sections, the final one, section 11725, stating that:

"The provisions of act number one hundred thirty-eight of the public acts of nineteen hundred eleven, and every other provision in conflict herewith, are hereby repealed."

We held in *City of Owosso* v. *Union Telephone Co.,* 185 Mich. 349, that under this act, save in exceptional cases, governmental supervision, control and regulation of telephone companies doing a public business is committed to the commission.

Section 2 of Act No. 206 placed this control and regulation in the hands of the then existing Michigan railroad commission, whose powers are now vested by Act No. 419, § 3, Pub. Acts 1919 (2 Comp. Laws 1929, § 11008) in the present Michigan public utilities commission.

Section 3 of the act (section 11702) required those doing a telephone business "to furnish reasonably adequate service and facilities for the use of their lines by the public," and section 22 of the act (section 11721) provides the penalty for violation of "any of the provisions of this act." This section states that if such person "shall do or commit any other thing or act in this act declared to be unlawful, such telephone company shall forfeit and pay to the State of Michigan for the first offense not less than fifty dollars nor more than one thousand dollars, and for each subsequent offense shall pay not less than one hundred dollars nor more than two thousand dollars. Any penalty herein provided for shall be collected under the direction of the attorney general in an action of assumpsit." The compilation commission, who were charged with the duty of preparing the Compiled Laws of 1929 (see 1 Comp. Laws 1929, §§ 81–91), properly included section 11699, it not having been specifically repealed, but it is apparent from the reading of the two acts that section 11699 and section 11721, are incompatible. The former provided a forfeiture of not less than $25 nor more than $100 a day for neglect or refusal to furnish telephone service, one-half of which was for the use of

the people (see *Osborne* v. *Reading Central Telephone Co.*, 163 Mich. 545), while the latter imposes a forfeiture to the State of not less than $50 or more than $1,000 for the first offense and not less than $100 nor more than $2,000 for each subsequent offense, such penalty to be collected under the direction of the attorney general in an action of assumpsit. The former speaks of usual or customary charges and the latter of rates fixed by order of the commission that shall be reasonable and just (section 11702). The one forbids discrimination, the other expressly defines unjust discrimination (section 11703). The second act does not permit any service charges to be made except those on file and accessible to the public at the places named therein, a copy of which must be filed with the commission. See section 11720.

From these comparisons and others that can be made, it will be seen that Act No. 206, Pub. Acts 1913, is all-inclusive and there seems to be nothing in Act No. 72, Pub. Acts 1883 that is not covered by the later act, unless it may be the prohibition in the former against furnishing party line services to certain subscribers and under certain conditions therein named.

The penalty provisions in the two acts are clearly inconsistent and if appellants' position is to be sustained defendant can be subjected to both penalties for the same offense, and the State would receive one-half of the first penalty and all of the second. Such a situation would be a travesty on justice.

Under the former, defendant could be enjoined upon complaint of plaintiff from continuing in business in lieu of the penalty imposed which would thereby oust the commission from exercising its statutory jurisdiction.

By placing broad powers of control in the hands of the commission in the provisions of Act No. 206, Pub. Acts 1913, and repealing Act No. 138, Pub. Acts 1911, and "every other provision in conflict herewith," the legislature by implication, if not actual direction, repealed Act No. 72, at least so far as the collection of penalties is concerned, and we so hold. *People* v. *Bussell,* 59 Mich. 104; *Attorney General* v. *Commissioner of Railroads,* 117 Mich. 477; and *People* v. *Marxhausen,* 204 Mich. 559 (3 A. L. R. 1505). See, also, *City of Owosso* v. *Union Telephone Co., supra; Attorney General, ex rel. Owen,* v. *Joyce,* 233 Mich. 619; *C. N. Ray Corp.* v. *Secretary of State,* 241 Mich. 457; *In re Simmons, supra,* and *Saginaw City Council* v. *Saginaw Board of Estimates,* 256 Mich. 624.

The judgment entered on the directed verdict for defendant is affirmed, with costs.

Fead, C. J., and North, Butzel, Sharpe, Potter, and Chandler, JJ., concurred with Bushnell, J.

Wiest, J., concurred in the result.