HAWKINS v AUTO-OWNERS INSURANCE COMPANY

Docket No. 77-2780. Submitted December 7, 1977, at Grand Rapids.—
Decided May 9, 1978. Leave to appeal applied for.

David Hawkins was injured when a truck which he was operating
in the course of his employment left the road. The truck was
owned by Hawkins' employer. Hawkins received workmen's
compensation benefits for his injuries. He applied for and was
denied personal protection insurance benefits from Auto-Own-
ers Insurance Company, the insurer of the truck. Hawkins then
brought suit against Auto-Owners for payments of all benefits
due him under the no-fault automobile insurance act. The
Oceana Circuit Court, Harold VanDomelen, J., granted acceler-
ated judgment to Auto-Owners based upon the contention that
the Worker's Disability Compensation Act provided the plain-
tiff's exclusive remedy. Plaintiff appeals. *Held:*

Accelerated judgment was improper because workmen's com-
pensation is not the plaintiff's exclusive remedy. The plaintiff is
not precluded by the exclusive remedy provision of the worker's
compensation act from bringing suit against the insurer of the
vehicle on the facts of this case.

Reversed and remanded.

DANHOF, C. J., would find that the section of the no-fault
automobile insurance act which provides for the deduction from
personal protection benefits of any amounts recoverable under
state or Federal law is valid and enforceable in this case,
allowing deduction of the workmen's compensation benefits
received by the plaintiff from any personal protection benefits
to which the plaintiff may be entitled.

M. J. KELLY, J., agreed that the case should be reversed and
remanded for the erroneous grant of accelerated judgment
based on the exclusive remedy provision of the Worker's Dis-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4] 81 Am Jur 2d, Workmen's Compensation § 73.

[2, 4, 6] Am Jur 2d, New Topic Service, No-Fault Insurance § 22.

[3] Am Jur 2d, New Topic Service, No-Fault Insurance § 12.
Validity and construction of "no-fault" automobile insurance plans.
42 ALR3d 229.

[5] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*

ability Compensation Act, but would not reach any further issues.

T. M. Burns, J., agreed the accelerated judgment was erroneous. Judge Burns would hold, however, that the provision of the no-fault act which calls for deduction of benefits recoverable under state or Federal law is essentially arbitrary and would hold the provision unconstitutional.

OPINION OF DANHOF, C. J.

1. INSURANCE—AUTOMOBILES—PERSONAL PROTECTION BENEFITS—
   WORKMEN'S COMPENSATION—EXCLUSIVE REMEDY—STATUTES.

   The exclusive remedy provision of the Worker's Disability Compensation Act does not operate to bar an action by an employee who is injured in the course of his employment while occupying an employer-owned motor vehicle against the insurer of the vehicle for personal protection insurance benefits because the insurer is not the plaintiff's employer as defined by the act (MCL 418.131; MSA 17.237[131]).

2. INSURANCE—AUTOMOBILES—PERSONAL PROTECTION BENEFITS—
   WORKMEN'S COMPENSATION—STATUTES.

   *A section of the no-fault automobile insurance act which provides for a deduction from personal protection benefits of any amounts recoverable under state or Federal law, although having been declared unconstitutional in other contexts, should apply to prevent a double recovery in a case where an employee is injured in the course of his employment while occupying an employer-owned vehicle; the workmen's compensation benefits received by the employee should be deducted from any personal protection benefits under the employer's insurance policy to which the employee may be entitled (MCL 500.3109[1]; MSA 24.13109[1]).*

CONCURRENCE IN RESULT BY M. J. KELLY; J.

3. JUDGMENT—ACCELERATED JUDGMENT—WORKMEN'S COMPENSATION
   —INSURANCE—AUTOMOBILES—STATUTES.

   *A grant of accelerated judgment based upon the exclusive remedy provision of the Worker's Disability Compensation Act was improper in a case where an employee was injured in the course of his employment while occupying an employer-owned vehicle, collected workmen's compensation benefits, and then attempted to collect personal injury protection benefits from the insurer of the vehicle; the Court of Appeals should not*

*reach the question of constitutionality of a portion of the no-fault automobile insurance statute (MCL 418.131, 500.3109[1]; MSA 17.237[131], 24.13109[1]).*

CONCURRENCE IN RESULT BY T. M. BURNS, J.

4. INSURANCE—AUTOMOBILES—PERSONAL PROTECTION BENEFITS—
   WORKMEN'S COMPENSATION—STATUTES.

An insurer of an employer's motor vehicle being sued for "no-fault" personal protection benefits by an employee injured in the course of his employment while occupying the vehicle cannot claim protection from suit by reason of the exclusive remedy provided by the Worker's Disability Compensation Act because it is not being sued for furnishing or failing to furnish "safety inspections or safety advisory services incident to providing workmen's compensation insurance" (MCL 418.131; MSA 17.237[131]).

5. APPEAL AND ERROR—COURT OF APPEALS—ISSUES NOT BRIEFED OR
   ARGUED.

*The Court of Appeals should not reach the question of the constitutionality of a statutory provision where the question was not briefed and argued and where the plaintiff-appellant has expressed a willingness to abide by the statute as written.*

6. INSURANCE—AUTOMOBILES—PERSONAL PROTECTION BENEFITS—
   WORKMEN'S COMPENSATION—CONSTITUTIONAL LAW—STATUTES.

*Worker's compensation is a benefit required to be provided under the laws of the state; the legislative scheme which provides that such benefits shall be deducted from amounts recoverable under personal protection insurance of an automobile insurance policy while not requiring deduction of amounts recoverable under private collateral sources is essentially arbitrary and should be found unconstitutional (MCL 500.3109[1]; MSA 24.13109[1]).*

*McCroskey, Libner, VanLeuven, Feldman, Kortering, Cochrane & Brock* (by *Robert O. Chessman*), for plaintiff.

*Linsey, Strain & Worsfold, P. C.,* for defendant.

Before: DANHOF, C. J., and T. M. BURNS and M. J. KELLY, JJ.

Danhof, C. J. Plaintiff alleges that on June 7, 1976, he was injured in the course of his employment while driving his employer's truck which was covered under a no-fault motor vehicle insurance policy issued by the defendant to the plaintiff's employer. As a result of the injury, plaintiff received workers' disability compensation benefits paid by the employer's workers' compensation insurance carrier (not the defendant). On May 9, 1977, plaintiff filed suit against defendant seeking to recover no-fault personal protection insurance benefits, MCL 500.3114(3); MSA 24.13114(3). Based on the contention that § 131 of the Worker's Disability Compensation Act (MCL 418.131; MSA 17.237[131]), provided that plaintiff's exclusive remedy was through that act, defendant moved for and was granted accelerated judgment. GCR 1963, 116.1(2).

Section 131 of the Worker's Disability Compensation Act reads:

"The right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer. As used in this section and section 827 'employee' includes the person injured, his personal representatives and any other person to whom a claim accrues by reason of the injury to or death of the employee, and 'employer' includes his insurer, a service agent to a self-insured employer, and the accident fund insofar as they furnish, or fail to furnish, safety inspections or safety advisory services incident to providing workmen's compensation insurance or incident to a self-insured employer's liability servicing contract."

The defendant in the instant case, unlike the defendant in *Mathis v Interstate Motor Freight System*, 73 Mich App 602; 252 NW2d 842 (1977), is not plaintiff's employer as defined in § 131. Conse-

quently, that exclusive remedy provision does not operate to bar the instant circuit court action. Therefore, accelerated judgment, based on § 131, was improper and must be reversed.

The statutory schemes of workers' disability compensation and no-fault motor vehicle insurance provide an employee, such as the plaintiff, who is injured in the course of employment while occupying an employer-owned motor vehicle covered by a no-fault policy issued by an insurance company, at least two potential avenues of recovering compensation. The employee may obtain workers' disability compensation benefits and also may obtain no-fault benefits. During oral arguments before this Court, plaintiff's attorney stated in part: "There is an offset proviso within the statute * * * that offset permits the no-fault carrier to not have to double pay * * * We're certainly not intending to double dip." This author thoroughly agrees with the view that the plaintiff should not obtain a double recovery. Both of these potential sources of recovery are creatures of the Michigan Legislature and both are paid for by the employer. The Legislature was aware of the possibility of duplicative recovery when it enacted the no-fault motor vehicle insurance act. The problem was addressed in § 3109(1) (MCL 500.3109[1]; MSA 24.13109[1]) which reads:

"(1) Benefits provided or required to be provided under the laws of any state or the federal government shall be subtracted from the personal protection insurance benefits otherwise payable for the injury."

In *Pollock v Frankenmuth Mutual Ins Co,* 79 Mich App 218; 261 NW2d 554 (1977), § 3109(1) was held to be void where it operated to reduce, by the amount of workers' disability compensation bene-

fits received, the no-fault benefits payable under a no-fault insurance policy purchased by the employee. The opinion reads in part at 224–225:

"If the subtraction rule functions as intended, it denies recovery on no-fault policies for the purpose of lowering premiums. * * * [W]orker motorists are forced to purchase insurance on which the law denies them a right of recovery, so that other insureds may enjoy lower premiums for insurance on which they can recover.

"We perceive no way in which this allocation increases premium savings. Forcing a given class to purchase insurance upon which they cannot recover will tend to reallocate wealth, but will do so in a manner unrelated to any identifiable legislative policy. We do not regard the random redistribution of wealth as a legitimate legislative objective, sufficient to justify the discriminatory effect of § 3109(1)."

The holding and rationale of *Pollock* do not apply to the situation in the instant case where an employee seeks recovery of benefits provided by a no-fault policy purchased by the employer.

In *O'Donnell v State Farm Mutual Automobile Ins Co,* 70 Mich App 487; 245 NW2d 801 (1976), *lv granted* 397 Mich 848 (1976), § 3109(1) of the no-fault act was declared unconstitutional where its application resulted in deduction of Federal Social Security benefits from no-fault personal injury protection benefits otherwise payable. *O'Donnell* reads in part at 496:

"Section 3109(1) is very broad—it covers any collateral governmental source. No-fault systems in other states include collateral source set-off provisions, but in Illinois and Florida, for example, the set-off provisions apply only to workmen's compensation benefits. It might be argued that the latter type of set-off provision is reasonable because the workmen's compensation ben-

efits are provided without cost to the beneficiary, while private collateral source benefits are not.[1] *Cf. Grace v Howlett, supra,* [51 Ill 2d 478; 283 NE2d 474 (1972)], Chief Justice Underwood, dissenting. The argument is persuasive.

---

"[1] This type of no-fault set-off provision (reducing no-fault benefits by workmen's compensation benefits received) has been upheld by the Florida Supreme Court. *Lasky v State Farm Insurance Co,* 296 So 2d 9, 21 (Fla, 1974)."

---

This analysis applies to the facts of the instant case. Application of § 3109(1) in the instant case would be valid. Therefore, if on remand plaintiff succeeds in establishing an entitlement to no-fault personal protection benefits, in my view an off set for worker's disability compensation benefits recovered should be made as provided for in § 3109(1).

Reversed and remanded for further proceedings. Costs to plaintiff.

M. J. KELLY, J. *(concurring in result).* This opinion is written subsequent to those of my colleagues.

Both of my brothers agree that the case must be reversed for error in granting accelerated judgment based upon the exclusive remedy provision of the Worker's Disability Compensation Act, MCL 418.131; MSA 17.237(131). Since I join in that ruling but am unwilling to go further I believe the law of this case is that the circuit court is reversed, the matter is remanded for further proceedings and there is little doubt that the court on remand will be greatly aided by the continuing flow of decisions coming out of this Court on the constitutionality issues and probably by Supreme Court decision in *O'Donnell v State Farm Ins Co,* 70 Mich App 487; 245 NW2d 801 (1976), *lv*

*granted,* 397 Mich 848 (1976), *Shavers v Attorney General,* 65 Mich App 355; 237 NW2d 325 (1975), *lv granted* 396 Mich 869 (1976).

T. M. BURNS, J. *(concurring).* I agree with the conclusion reached in Judge DANHOF's opinion, that the circuit court erred in granting accelerated judgment based on the exclusive remedy provision of the Worker's Disability Compensation Act, MCL 418.131; MSA 17.237(131), but for the reason stated below I cannot join in his opinion.

MCL 418.131; MSA 17.237(131) provides in relevant part:

"The right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer. As used in this section * * * 'employer' includes his insurer, a service agent to a self-insured employer, and the accident fund *insofar as they furnish, or fail to furnish,* safety inspections or safety advisory services incident to providing workmen's compensation insurance * * * ."

Defendant Auto-Owners is being sued to collect benefits under a policy of insurance issued to provide coverage required by the "no fault" chapter of the insurance code. MCL 500.3101–500.3179; MSA 24.13101–24.13179. It is not being sued for furnishing or failing to furnish "safety inspections or safety advisory services incident to providing workmen's compensation insurance". Auto-Owners cannot claim the exclusive remedy protection from suit under § 131 of the Worker's Disability Compensation Act on these facts.

Whether the exclusive remedy provision of worker's compensation is a bar to recovery of no-fault benefits was the only question briefed and

argued in this case. The constitutionality of the set off provisions of MCL 500.3109; MSA 24.13109 was not raised and I would not reach it in this case, especially since plaintiff has expressed his willingness to abide by the statute as written. However, since Judge DANHOF has gratuitously reached this question, I will express my view.

Section 3109(1) requires that "Benefits provided or *required to be provided* under the laws of any state or the federal government" be deducted from personal injury protection benefits before payment by the insurer. There is no question that worker's compensation is a "benefit * * * required to be provided" under the laws of this state.[1]

Although there has been some disagreement on the method of analysis and the degree of acceptance of the reasonableness of the distinctions made by the Legislature under this provision, no panel has found § 3109(1) constitutional in its application. *O'Donnell v State Farm Mutual Automobile Ins Co,* 70 Mich App 487; 245 NW2d 801 (1976), *lv granted,* 397 Mich 848 (1976) (set off for Social Security benefits), *Wysocki v Detroit Automobile Inter-Insurance Exchange,* 77 Mich App 565; 258 NW2d 561 (1977) (set off for Social Security benefits), *Pollock v Frankenmuth Mutual Ins Co,* 79 Mich App 218; 261 NW2d 554 (1977) (deduction of worker's compensation benefits from no-fault policy purchased by the employee).

I would reach the same result here, where both the worker's compensation and no-fault policies are provided by the employer. The problem is that the legislative scheme is essentially arbitrary. Why the distinction between private collateral sources which are required to be provided by law,

---

[1] *See* MCL 418.111; MSA 17.237(111) and MCL 418.301; MSA 17.237(301).

and those which are not required to be provided?[2] I
would suggest that there is no valid reason and
find the statute unconstitutional as applied to
these facts. *O'Donnell v State Farm, supra,* at 497–
498, *Bowser v Jacobs,* 36 Mich App 320; 194 NW2d
110 (1971).

---

[2] I disagree with the statement in *Pollock,* 79 Mich App at 223, that this distinction is reasonable if the legislative purpose was to reduce insurance premiums. When some are allowed duplicative recovery while it is denied to others solely on the basis that their supplemental benefits are required to be provided by law an essentially arbitrary classification has been made.