OTTENWESS v HAWKEYE SECURITY INSURANCE COMPANY

Docket No. 77-2819. Submitted February 8, 1978, at Grand Rapids.—
Decided June 20, 1978. Leave to appeal applied for.

Michael Ottenwess, an employee of Wickes Lumber Company,
was crushed to death while examining a malfunction in the
mechanism of a dump truck owned by his employer. Deborah
Ottenwess (Schroeder), Michael's spouse, individually and as
next friend of her minor children, brought actions against
Hawkeye Security Insurance Company as decedent's insurer to
collect no-fault automobile insurance benefits and against Trav-
elers Insurance Company as no-fault insurer of decedent's
employer Wickes Lumber Company. Summary judgments for
both defendants in Kent Circuit Court, George R. Cook, J.
Plaintiff appeals. *Held:*

The Worker's Disability Compensation Act's exclusive rem-
edy provision restricts recovery of benefits from an employer
for job-related injuries to workmen's compensation and pre-
vents recovery of no-fault automobile benefits from the em-
ployer or his no-fault insurer; therefore, Travelers Insurance is
not liable and summary judgment was proper as to Travelers.
The exclusive remedy provision is inapplicable, however, where
the no-fault claim is brought not against the decedent's em-
ployer or the employer's insurer but against the insurer of the
operator of the vehicle which caused the job-related injury.
Hawkeye Insurance fits into this category and on the basis of a
priority of liability statute is liable for no-fault benefits. Sum-
mary judgment was erroneously granted to Hawkeye.

Affirmed as to Travelers, reversed as to Hawkeye.

ALLEN, J., in a dissenting opinion would hold that the legisla-
tive intent expressed in the automobile no-fault statute was to
allow an employee to sue his employer's no-fault carrier where
the employee was injured while occupying a vehicle owned by
the employer rather than to hold the no-fault insurer of the

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 81 Am Jur 2d, Workmen's Compensation §§ 50, 51.
[3–6] New Topic Service, No Fault Insurance § 22.

employee liable. The Legislature also intended that the employee be paid workmen's compensation benefits and, to the extent the no-fault recovery exceeded workmen's compensation due, the balance to be recoverable in no-fault benefits.

OPINION OF THE COURT

1. WORKMEN'S COMPENSATION—BENEFITS—EXCLUSIVE REMEDY—STATUTES.

Workmen's compensation benefits are the exclusive remedy against an employer where an employee's injury is within the scope of the Worker's Disability Compensation Act (MCL 418.131; MSA 17.237[131]).

2. WORKMEN'S COMPENSATION—BENEFITS—TORT—CONTRACT—EXCLUSIVE REMEDY—PERSONAL INJURY—COURSE OF EMPLOYMENT—STATUTES.

Applicability of the exclusive remedy provision of the Worker's Disability Compensation Act turns not upon the characterization of an asserted cause of action as tort or contract but upon whether the employee has a right to recover benefits under the act; an employee has a right to compensation where he receives a personal injury arising out of and in the course of his employment (MCL 418.131, 418.301; MSA 17.237[131], 17.237[301]).

3. INSURANCE—AUTOMOBILES—NO-FAULT—WORKMEN'S COMPENSATION—BENEFITS—EXCLUSIVE REMEDY.

The exclusivity provision of the Worker's Disability Compensation Act bars recovery of no-fault benefits from an employer or his automobile liability insurer where an employee is entitled to worker's compensation.

4. INSURANCE—AUTOMOBILES—NO-FAULT—WORKMEN'S COMPENSATION—EXCLUSIVE REMEDY—STATUTES.

The insurer of an employee who is injured while operating an employer-owned vehicle is liable in an action for automobile no-fault insurance benefits to the employee under the priority provisions of the no-fault statute; such an action is not barred by the Worker's Disability Compensation Act's exclusivity provision where the operator of the vehicle was neither the employer nor the employer's insurer (MCL 500.3114[4]; MSA 24.13114[4]).

DISSENT BY ALLEN, J.

5. STATUTES—AUTOMOBILES—NO-FAULT INSURANCE—WORKMEN'S COMPENSATION—BENEFITS—LEGISLATIVE INTENT—STATUTES.

*The legislative intent, as expressed in the no-fault automobile*

*insurance statute, was to allow an employee to sue his employer's no-fault carrier in situations where the employee was injured while occupying a vehicle owned by the employer and to allow both workmen's compensation recovery and no-fault recovery (MCL 500.3114[3]; MSA 24.13114[3]).*

6. INSURANCE—AUTOMOBILES—LIABILITY—INSURER OF VEHICLE—INSURER OF OPERATOR—STATUTES.

   *The personal protection claim of an employee suffering accidental bodily injury while an occupant of a motor vehicle owned by the employer should be brought against the owner or registrant of the vehicle and his insurer rather than the operator of the vehicle and his insurer (MCL 500.3114[3]; MSA 24.13114[3]).*

*Hillman, Baxter & Hammond* (by *Michael D. Wade),* for plaintiff.

*Linsey, Strain & Worsfold, P. C.,* for Hawkeye Security Insurance Company.

*Wheeler, Upham, Bryant & Uhl* (by *Susan B. Flakne),* for Travelers Insurance Company.

Before: J. H. GILLIS, P. J., and R. B. BURNS and ALLEN, JJ.

R. B. BURNS, J. Plaintiff, decedent's spouse, instituted suit to collect no-fault automobile insurance benefits from decedent's insurer, Hawkeye Security Insurance Company (Hawkeye), and decedent's employer's insurer, Travelers Insurance Company (Travelers). The trial court granted both defendants summary judgment on the authority of *Mathis v Interstate Motor Freight System,* 73 Mich App 602; 252 NW2d 842 (1977), and plaintiff appeals.

The decedent, Michael Ottenwess, was an employee of Wickes Lumber Company. While examining or attempting to repair a malfunction in the mechanism of a company dump truck, Ottenwess was crushed to death when the dump box suddenly

came down upon him, trapping him between the box and the frame of the truck. The malfunction came to Ottenwess's attention while he was making deliveries with the truck in the regular course of his employment. He had just exited the cab and was standing on or next to the dump box when the incident occurred. Following the accident, plaintiff and her two minor children received worker's compensation benefits from Wickes Lumber Company's compensation carrier.

## I.  LIABILITY OF EMPLOYER'S NO-FAULT INSURER

Defendant Travelers asserts that the exclusive remedy provision of the Worker's Disability Compensation Act, MCL 418.131; MSA 17.237(131), prevents recovery by plaintiff, relying upon *Mathis v Interstate Motor Freight System, supra.* Except for the fact that in that case the employer was self-insured, *Mathis* is identical to the situation before us as far as Travelers is concerned. There, plaintiff was injured while unloading freight from his employer's semi-trailer. He drew worker's compensation benefits and applied for benefits under the no-fault act. The trial judge held that worker's compensation benefits were plaintiff's exclusive remedy. In a single sentence this Court affirmed:

"The Supreme Court in *Solakis v Roberts,* 395 Mich 13, 20; 233 NW2d 1, 4 (1975), said: 'When an employee's injury is within the scope of the act, workmen's compensation benefits are the exclusive remedy against the employer.' Affirmed." *Mathis v Interstate Motor Freight System, supra* at 603; 252 NW2d at 842.

Plaintiff seeks to distinguish *Mathis* on the grounds that, there, the employer was a no-fault self-insurer and as such would pay no-fault benefits for an injury in tort, whereas in the instant case the employer is a contractual insurer for

whom no-fault benefits are paid *ex contractu.*
Plaintiff's distinction is supported by the recent
case of *Hawkins v Auto Owners Ins Co,* 83 Mich
App 225; 268 NW2d 534 (1978). That case was
factually indistinguishable from the instant case,
and the Court said:

"The defendant in the instant case, unlike the de-
fendant in *Mathis v Interstate Motor Freight System,*
73 Mich App 602; 252 NW2d 842 (1977), is not plaintiff's
employer as defined in § 131. Consequently, that exclu-
sive remedy provision does not operate to bar the
instant circuit court action. Therefore, accelerated judg-
ment, based on § 131, was improper and must be re-
versed.

"The statutory schemes of worker's disability compen-
sation and no-fault motor vehicle insurance provide an
employee, such as the plaintiff, who is injured in the
course of employment while occupying an employer-
owned motor vehicle covered by a no-fault policy issued
by an insurance company, at least two potential ave-
nues of recovering compensation. The employee may
obtain worker's disability compensation benefits and
also may obtain no-fault benefits."

We do not agree with the distinction made in
*Hawkins,* because it conflicts with the no-fault
act's provision that a self-insurer "has all the
obligations and rights of an insurer under this
chapter". MCL 500.3101(4); MSA 24.13101(4). The
liabilities of self-insurers and insurers must be
coextensive. Under *Hawkins,* the liability of insur-
ers is greater than that of self-insurers. For the
purpose of the application of the exclusive remedy
provision of the Worker's Disability Compensation
Act, an employer's no-fault insurer must be consid-
ered the alter ego of the employer.

Nor do we agree with plaintiff's tort-contract
distinction. Applicability of the exclusive remedy

provision of the Worker's Disability Compensation Act turns not upon the characterization of the asserted cause of action as tort or contract, but upon whether the employee has a right to recover benefits under the act. MCL 418.131; MSA 17.237(131). An employee has a right to compensation where he "receives a personal injury arising out of and in the course of his employment". MCL 418.301; MSA 17.237(301).

Suit is not barred against employers for all tort, *Crawley v General Motors Truck Corp,* 259 Mich 503; 244 NW 143 (1932), *Panagos v North Detroit General Hospital,* 35 Mich App 554; 192 NW2d 542 (1971), *Moore v Federal Department Stores, Inc,* 33 Mich App 556; 190 NW2d 262 (1971), or all contract, *Milton v Oakland County,* 50 Mich App 279; 213 NW2d 250 (1973), damages, but where the above criteria for recovery of worker's compensation are applicable, suit is barred even on a contract theory, *Neal v Roura Iron Works, Inc,* 66 Mich App 273; 238 NW2d 837 (1975), *Milton v Oakland County, supra.* Since plaintiff was entitled to, and did in fact receive, worker's compensation, further recovery cannot be had by labeling the asserted right thereto "contract".

*Mathis* is therefore not distinguishable as to Travelers' alleged liability, and controls the resolution of this issue. However, plaintiff has advanced arguments that the exclusivity provision of the Worker's Disability Compensation Act does not bar recovery under the no-fault act. These arguments are not met by the brief opinion in *Mathis.* We have therefore reexamined the issue, and determine that *Mathis* was correctly decided.

The worker's compensation exclusivity provision does not itself contain an exception to permit recovery of no-fault benefits, MCL 418.131; MSA

17.237(131), nor does the no-fault act contain an express partial repeal of the worker's compensation exclusivity provision.

"Repeals by implication are not favored. The intent to repeal must very clearly appear, and courts will not hold to a repeal if they can find reasonable ground to hold to the contrary." *Couvelis v Michigan Bell Telephone Co,* 281 Mich 223, 225; 274 NW 771, 772 (1937).

" 'The principle that the law does not favor repeals by implication is of especial application in the case of an important public statute of long standing, which should be shown to be repealed either expressly, or by a strong and necessary implication.' 25 R.C.L. p. 920." *Attorney General, ex rel. Owen v Joyce,* 233 Mich 619, 623; 207 NW 863, 864 (1926).

It is plaintiff's theory that subsection 3114(3) of the no-fault act clearly contemplates recovery by an employee of both worker's compensation and no-fault benefits. This subsection provides:

"An employee, his spouse, or a relative of either domiciled in the same household, who suffers accidental bodily injury while an occupant of a motor vehicle owned or registered by the employer shall receive personal protection insurance benefits to which the employee is entitled from the insurer of the furnished vehicle." MCL 500.3114(3); MSA 24.13114(3).

Section 3114 is a priority provision, dictating which of several insurers will be liable in various circumstances. That subsection 3114(3) is only a priority provision, and was not intended to create additional substantive rights to recover, is apparent from the qualifying words "to which he is entitled". Plaintiff is not entitled to recover be-

cause such recovery is barred by the exclusivity provision of the Worker's Disability Compensation Act.

It is asserted that the use of the words "to which he is entitled" is an obscure way for the Legislature to indicate that it did not intend recovery by an employee against his employer's no-fault insurer where he is entitled to worker's compensation. However, the exclusivity provision is a clear expression of such intent. The exclusivity provision was amended October 30, 1972, and the no-fault act was passed October 31, 1972. The Legislature was surely aware of the potential overlap of the two acts, and had it intended to effectuate a partial repeal of the exclusivity provision, it would have done so explicitly.

It is also asserted that if subsection 3114(3) is interpreted so as to apply only where an employee is using a company vehicle for personal business, not in the course of his employment, the subsection will apply to a situation which occurs so infrequently that it is illogical to assume the Legislature would have included the provision within the act. We are sure that thousands of employees have access to company vehicles for personal use. That the Legislature anticipated injuries arising in such situation is apparent from its inclusion of the employee's spouse, and relatives domiciled within the household, within the subsection, for how many employees have their spouses and relatives riding with them in company vehicles in the course of their employment?

Finally, it is argued that the words "to which he is entitled" were inserted by the Legislature into the subsection to indicate the applicability of the deductions required by subsection 3109(1). That subsection provides that:

"Benefits provided or required to be provided under the laws of any state or the federal government shall be subtracted from the personal protection insurance benefits otherwise payable for the injury."

This explicit provision requiring the deductions from any policy benefits makes it unnecessary to add the words "to which he is entitled" to priority subsections to indicate the deductions shall be made. The only other priority subsection containing the words "to which he is entitled" is subsection 3114(2), which provides in part:

"A person suffering accidental bodily injury while an *operator* or a passenger of a motor vehicle operated in the business of transporting passengers shall receive the personal protection insurance benefits *to which the person is entitled* from the insurer of the motor vehicle". MCL 500.3114(2); MSA 24.13114(2). (Emphasis added.)

An operator of such a vehicle may be expected to be entitled to worker's compensation from either his employer, as self-insurer, or from his employer's insurer. If the words "to which he is entitled" refer to benefits minus subsection 3109(1) deductions, then why did the Legislature only use those words in subsections where an employee may not be entitled to any no-fault benefits due to the Worker's Disability Compensation Act's exclusivity clause?

Certainly legislative history indicates that among the deductions from benefits required by subsection 3109(1) is worker's compensation benefits. But that deduction will not be applicable where an employee is not entitled to any benefits because of the exclusivity clause. Rather, such deductions for worker's compensation only apply

when the insurer owing benefits is not the employee's employer or employer's insurer.

We conclude that plaintiff has not only failed to show a clear legislative intention to effectuate partial repeal of the exclusivity provision, but that there is an indication of a contrary legislative intention to not permit recovery of no-fault benefits from an employer or his insurer where an employee is entitled to worker's compensation benefits. The trial court did not err by granting summary judgment in favor of Travelers.

II.   LIABILITY OF EMPLOYEE'S NO-FAULT INSURER

Defendant Hawkeye also argues that *Mathis* bars recovery under the policy it issued plaintiff's decedent. However, Hawkeye was neither the decedent's employer nor employer's insurer. The Worker's Disability Compensation Act's exclusivity provision is inapplicable. MCL 418.131; MSA 17.237(131). *Mathis* does not bar recovery against Hawkeye.

Subsection 3114(4) of the no-fault act provides:

"Except as provided in subsections (1) to (3), a person suffering accidental bodily injury while an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:

"(a) The insurer of the owner or registrant of the vehicle occupied.

"(b) The insurer of the operator of the vehicle occupied." MCL 500.3114(4); MSA 24.13114(4).

As we have seen, plaintiff cannot recover under subsection 3114(3) against Travelers because of the worker's compensation exclusivity provision. Subsections 3114(1) and 3114(2) are patently inapplicable. Plaintiff's decedent was killed while an occupant of the vehicle. See *Nickerson v Citizens Mu-*

*tual Insurance Co,* 393 Mich 324, 328–331; 224 NW2d 896, 898–899 (1975). Subsection 3114(4) therefore governs which insurer is liable. Recovery cannot be had under provision (a) because, again, Travelers is protected from liability by the exclusivity provision. Therefore, provision (b) establishes liability. Since Hawkeye is the insurer of the operator of the vehicle occupied, it is liable for no-fault benefits. Summary judgment was erroneously granted Hawkeye.

Judgment affirmed as to defendant Travelers; costs to defendant. Judgment reversed as to defendant Hawkeye and the case is remanded for trial on the merits; costs to plaintiff.

J. H. Gillis, P. J., concurred.

Allen, J. *(dissenting).* As the only member of the instant panel who was not a member of the *Mathis* panel, I must dissent. In my opinion a common sense reading of § 3114(3) of the no-fault act and its legislative history clearly discloses that the Legislature intended to allow an employee to sue the employer's no-fault carrier in situations where the employee was injured while occupying a vehicle owned by the employer.

In plain and simple English the statute reads:

> "An employee, his spouse, or a relative of either domiciled in the same household, who suffers accidental bodily injury while an occupant of a motor vehicle owned or registered by the employer shall receive personal protection insurance benefits to which the employee is entitled from the insurer of the furnished vehicle." MCL 500.3114(3); MSA 24.13114(3).

I disagree with the majority that the above section

is nothing more than a priority provision. To me it clearly authorizes employee recovery of benefits. The only problem or ambiguity is the phrase "to which he is entitled". Travelers argues that the phrase was inserted in the statute to restrict recovery to those occasions where the employee was not within the scope of his employment at the time he was injured while occupying the employer's vehicle. To this author, such a construction of the statute fails for three reasons:

First, it is obviously an obtuse and awkward way for the Legislature to express such an intent.

Second, so construed, the employer's liability would, for practical purposes, be restricted to accidents involving a company car used by an employee with the employer's permission for personal reasons or where an employee wrongfully uses the company car for personal business. This occurs so infrequently that somehow it seems illogical for the Legislature to have intended the language to include so incidental a situation.

Third, the legislative history of the bill discloses a more logical explanation for the limiting language "to which he is entitled". The no-fault bill was first introduced in the Senate on June 2, 1971, as Senate Bill 782[1] and was referred to the Committee on Commerce. Section 9(1) provided that social security benefits to which the employee would be entitled because of accidental injury should be subtracted from the no-fault benefits otherwise payable for the injury. Section 18(1) stated that payment by the insurer would discharge "to the extent of the payment, the obligations of any * * * governmental agency" to the employee for "workmen's compensation, unemployment compensation or disability benefits law

---

[1] Senate Journal 1971, Vol 1, p 1000.

or any similar law".[2] Section 14(3) was worded verbatim as appears in § 3114(3) quoted above, including the phrase "to which he is entitled". Two conclusions emerge from the bill as it was first introduced. *One,* the Legislature clearly intended that, to the extent of the no-fault recovery actually made, workmen's compensation benefits were permitted and if an award was received over and above the amount of compensation benefits due, the employee would also be paid such sums. In short, the Legislature intended that the employee be paid both workmen's compensation benefits and, to the extent the no-fault recovery exceeded workmen's compensation due, no-fault benefits. *Two,* the words "to which he is entitled" were intentionally used to cover the situation where social security benefits were to be deducted as mandated by § 9(1). In such a situation the injured employee would not be entitled to the entire award but instead would be entitled to the award minus social security benefits. The words "to which he was entitled" was a logical way to describe this situation.

On May 30, 1972, the Committee on Commerce reported out a substitute bill known as Senate Substitute 782.[3] Section 18(1) was deleted but its

---

[2] "Sec. 18. (1) A personal protection insurer has the primary obligation to indemnify for the elements of loss as defined in sections 7 and 8 because of accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle. Payment by such insurer of personal protection insurance benefits with respect to such injury operates to discharge, to the extent of the payment, the obligations of any person, organization, insurer or governmental agency to indemnify against such loss under any workmen's compensation, unemployment compensation or disability benefits law or any similar law. If the personal protection insurer fails to pay any of such benefits due under this act with respect to the injury, the person, organization, insurer or governmental agency shall have a lien, with respect to any payment it may be obligated to make, upon the obligation of the personal protection insurer, by giving prior written notice of its intention to make payment for such injury."

[3] Senate Journal 1972, Vol 2, p 1275.

basic provisions were added to § 9(1) which in the substitute bill was renumbered § 3109 and amended to state that all state or Federal benefits (not merely social security) should be subtracted from the no-fault benefits otherwise payable. In effect, the Commerce Committee was simplifying the original bill by placing, in a single section (§ 3109), the mandates which originally were included in two sections and by treating all government benefits, including workmen's compensation benefits, as a deduct rather than as an obligation to indemnify. But the fact that workmen's compensation benefits were moved from one bill section to another and were treated as deducts, in no wit detracts from the originally expressed intentions of the Legislature to allow both workmen's compensation recovery and no-fault recovery. Obviously, in both the original bill and in the more simplified substitute bill the Legislature mandated recovery which is totally inconsistent with the exclusive remedy statute.[4] Likewise, with all government benefits treated as deducts, the need for the words "to which he is entitled" became even more apparent. In my opinion, the history of the bill discloses an unambiguous intent to override any prohibitions which the exclusivity clause might make to no-fault recovery from the employer's insurer. Additionally, the bill history reveals a more rational explanation for the words "to which he is entitled" than the explanation advanced in the majority opinion. Accordingly, I join in the

---

[4] The substitute bill was passed in the Senate without amendment June 8, 1972 (Senate Journal, Vol 2, p 1390). On September 21, 1972, the House Committee on Insurance reported out a House Substitute (House Journal, Vol 3, p 2786) which passed the House but was rejected in the Senate (Senate Journal Vol 2, p 1944). A conference committee was appointed and, on October 5, 1972, the committee reported that the House receded from its substitute and agreed to the Senate Substitute in the form it was enacted by the Senate. (Senate Journal, Vol 2 p 2005.)

result (though not in the reasons)[5] in *Hawkins v Auto Owners Ins Co,* 83 Mich App 225; 268 NW2d 534 (1978).

I also disagree with the majority opinion holding that Hawkeye, the employee's no-fault insurer, is liable for no-fault benefits under subsection 3114(4). Deceased had just exited the cab and, while standing on or next to the truck, was in the process of repairing or examining the dump apparatus when the accident occurred. As such he was legally an occupant of his employer's truck. *Nickerson v Citizens Mutual Ins Co,* 393 Mich 324, 328–330; 224 NW2d 896 (1975). The relevant statutory provisions governing recovery for injuries sustained while the person injured is an occupant of a motor vehicle appear in §§ 3114(3) and (4) of the statute. These read:

"(3) An employee, his spouse, or a relative of either domiciled in the same household, who suffers accidental bodily injury while an occupant of a motor vehicle owned or registered by the employer shall receive personal protection insurance benefits to which the employee is entitled from the insurer of the furnished vehicle.

"(4) *Except as provided in subsections (1) to (3),* a person suffering accidental bodily injury while an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:

(a) The insurer of the owner or registrant of the vehicle occupied.

(b) The insurer of the operator of the vehicle occupied." (Emphasis supplied.)

---

[5] The *Hawkins* panel distinguished *Mathis* on the grounds that in *Mathis* the employer was self-insured. I do not agree with the distinction and in this respect agree with the majority opinion in the instant case that the liabilities of self-insurers and insurers must be coextensive.

The narrow question involved is which of the two sections quoted above governs the situation in the instant case. It is my opinion that § (3) applied and § (4) does not. The italicized words eliminate the application of § (4). Section (4) cannot control because it covers cases where § (1) and § (3) are not applicable. But § (3) is applicable once one concludes, as I do, that *Mathis* is not controlling.[6] This being so, there is no liability, not even secondary liability as to Hawkeye.[7] Accordingly, I conclude that although the trial court may have assigned the wrong reasons, the grant of summary judgment in favor of defendant Hawkeye is without error.

---

[6] Of course, if the majority is right that plaintiff cannot recover under § (3) against Travelers because of the worker's exclusivity provision, then the majority is correct in the conclusion expressed in the majority opinion that, as to Hawkeye, § (4)(b) establishes liability.

[7] Had deceased been in the course of his employment and using his own car when injured, Hawkeye would be responsible and the exclusivity clause would not have been a proper defense. *See Pollock v Frankenmuth Mutual Ins Co,* 79 Mich App 218; 261 NW2d 554 (1977). There, plaintiffs sued Frankenmuth Mutual for no-fault benefits for the death of their mother who was killed when a third-party vehicle collided with an automobile being operated by the mother and insured with Frankenmuth. In turn, Frankenmuth claimed that the mother's death occurred while she was in the course of her employment with Tyrolean Hills and that workmen's compensation benefits payable by the compensation carrier should be deducted from any no-fault recovery against Frankenmuth even though plaintiffs refused to file for workmen's compensation benefits. (Deceased's husband was part owner of Tyrolean Hills.) In its opinion, the Court ruled only on the constitutional issue raised, holding that compensation benefits, if paid, could not be deducted. Implicit, however, in the opinion was an assumption that no-fault benefits could be collected on a private insurance contract even though deceased was killed while employed and would be entitled to workmen's compensation.