73 Mich. App. 112 (1976)
251 N.W.2d 266
ALLSTATE INSURANCE COMPANY
v.
DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE
Docket No. 27536.
Michigan Court of Appeals.
Decided November 30, 1976.
Garan, Lucow, Miller, Lehman, Seward & Cooper, for plaintiff.
Rouse, Selby, Dickinson, Pike & Mourad (by Michael B. Haber), for defendant Detroit Automobile Inter-Insurance Exchange.
Booth, Patterson, Lee, Karlstrom & Steckling, for defendants Theodore and Cynthia Figurelle.
Before: D.F. WALSH, P.J., and R.B. BURNS and O.B. BIVINS, JR.,[*] JJ.
PER CURIAM.
Plaintiff, Allstate Insurance Company, filed a declaratory action against the defendants seeking to void the exclusion of Charles Passage from coverage under an automobile liability policy issued to his wife, Joann Passage, by Detroit Automobile Inter-Insurance Exchange (DAIIE). The trial court granted summary judgment for the defendants, and Allstate appeals.
The validity of an exclusion of a named driver *114 from coverage under an automobile liability policy is governed by MCLA 500.3009(2); MSA 24.13009(2):
"(2) When authorized by the insured, automobile liability or motor vehicle liability coverage may be excluded when a vehicle is operated by a named person. Such exclusion shall not be valid unless the following notice is on the face of the policy or the declaration page or certificate of the policy and on the certificate of insurance referred to in * * * section 257.1104 of the Compiled Laws of 1948: Warning  when a named excluded person operates a vehicle all liability coverage is void  no one is insured. Owners of the vehicle and others legally responsible for the acts of the named excluded person remain fully personally liable."
It is not disputed that Joann Passage, the insured, authorized DAIIE to exclude Charles Passage from coverage. Nor is it contested that the prescribed statutory warning appeared on the face of the policy and on the certificate of insurance.
The plaintiff nevertheless contends that the exclusion was void because the certificate of insurance issued to Joann Passage did not list the name of Charles Passage as an excluded driver. Allstate argues that because DAIIE prints the required warning on all certificates of insurance, regardless of whether there is an excluded driver under the policy, the warning is meaningless unless accompanied by the name of the excluded driver. Therefore, the exclusion did not conform to the requirements of the statute and is invalid. We disagree.
There is no precedent for the instant question. The cases cited by the plaintiff are inapposite in that they involved policies issued prior to the enactment of MCLA 500.3009(2); MSA 24.13009(2). Hence, that statute did not apply to them. Our *115 decision, therefore, turns on the legislative intent in enacting the statute under consideration.
In our judgment, the only premise which could support plaintiff's argument is that the statutory warning is intended to give notice to the general public or to persons other than the insured. Our reading of the statutory language and review of the legislative history of the act lead us to a different conclusion.
First, by its express terms, the statute requires only that the prescribed warning appear on the certificate of insurance. Second, the nature of the warning itself indicates that it is intended to notify the insured of the consequences of allowing a named excluded driver to operate the insured vehicle. It informs the owner of the vehicle and others legally responsible for the acts of the named excluded driver of their personal liability for damages arising from the operation of the vehicle by a named excluded driver.
The original version of the statute, HB 5732, Journal of the House, November 10, 1971, p 3080, required that the warning appear on the face of the policy in 8-point type. The Senate amendment, ultimately enacted, added the requirement of putting the warning on the certificate of insurance. Both versions clearly indicate the intention that the policyholder be notified. In neither version is there evidenced any manifest legislative intent to notify third parties. Such manifest intent is necessary before we will read into a statute requirements not present on its face.
"Extension of a statute. The general rule is that nothing may be read into a statute which is not within the manifest intention of the legislature as gathered from the act itself, and that a statute should not be construed any more broadly or given any greater effect *116 than its terms require." 73 Am Jur 2d, Statutes, § 198, pp 394-395.
Insofar as the legislative intent of the statute is to inform the insured of his potential liability, that purpose is served by putting the warning alone on the certificate of insurance. The legislative purpose could not be served further by requiring the name of the excluded driver on the certificate of insurance, because the insured must necessarily have notice of that information by virtue of the statutorily required authorization.
We hold that MCLA 500.3009(2); MSA 24.13009(2) does not require that the name of the excluded driver be listed on the certificate of insurance in order to effect a valid exclusion.
Affirmed. Costs to appellees.
NOTES
[*] Circuit judge, sitting on the Court of Appeals by assignment.