86 Mich. App. 473 (1978)
272 N.W.2d 689
DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE
v.
COMMISSIONER OF INSURANCE
Docket No. 77-2469.
Michigan Court of Appeals.
Decided October 17, 1978.
Forrest G. Shaw, William H. Morman, and Daniel K. Converse, for plaintiffs.
Frank J. Kelley, Attorney General, Robert A. Derengoski, Solicitor General, and Harry G. Iwasko, Jr., and Louis J. Porter, Assistants Attorney General, for defendant.
Before: BASHARA, P.J., and ALLEN and M.J. KELLY, JJ.
ALLEN, J.
For many years plaintiffs provided optional, named driver exclusion provisions for its automobile insurance policies. These exclusions permitted an insured to obtain automobile insurance at rates calculated on the exclusion of a certain person. The excluded person would typically be a high-risk driver in the insured's household, and the resultant rate without the excluded driver would be considerably less than with the high-risk driver included. The Commissioner of Insurance approved of the named driver exclusion provisions by approving the forms through which the exclusions were provided.
On March 13, 1975, defendant commissioner issued notices of withdrawal of approval of forms which contained such exclusions. After the issue had proceeded through the administrative process, defendant commissioner issued a decision and order on March 2, 1976, which declared that policy forms containing named driver exclusion clauses violated the no-fault act, MCL 500.3101 et seq.; MSA 24.13101 et seq. The circuit court subsequently found that named driver exclusions did not violate the no-fault act, and, on June 14, 1977, ordered the defendant commissioner to set aside its withdrawal of approval. Defendant commissioner now appeals from the circuit court's decision. *476 Plaintiffs cross-appeal challenging the defendant commissioner's authority to make its decision and also challenging the constitutionality of the defendant's interpretation.
In 1972 the Legislature passed the no-fault automobile insurance act, 1972 PA 294, MCL 500.3101 et seq; MSA 24.13101 et seq. This was a major piece of legislation constituting a fundamental change in the nature of automobile insurance in Michigan. Our Supreme Court has recognized the innovative and experimental nature of the no-fault act. Shavers v Attorney General, 402 Mich 554, 578-579, 615, 627; 267 NW2d 72 (1978).
In pertinent part the no-fault act provides:
"Sec. 3101. (1) The owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance, property protection insurance, and residual liability insurance. Security shall be in effect continuously during the period of registration of the motor vehicle." MCL 500.3101(1); MSA 24.13101 (1).
"Sec. 3131. Residual liability insurance shall cover bodily injury and property damage which occurs within the United States, its territories and possessions or in Canada. This insurance shall afford coverage equivalent to that required as evidence of automobile liability insurance under the financial responsibility laws of the place in which the injury or damage occurs. In this state this insurance shall afford coverage for automobile liability retained by section 3135." MCL 500.3131; MSA 24.13131.
Section 3135, MCL 500.3135; MSA 24.13135, provides for tort liability in certain specified instances, such as noneconomic loss for death or permanent serious disfigurement, intentionally *477 caused harm, and work loss benefits exceeding those provided elsewhere by no-fault.
It is defendant's position that since the Legislature enacted a comprehensive, compulsory insurance scheme, it would be inconsistent to permit named driver exclusions, as this would force accident victims to obtain a recovery from the personal holdings of those responsible. Defendant contends that the Legislature would not permit a class of drivers, named excluded drivers, to drive totally uncovered by some residual liability insurance. While such a class might have existed before no-fault, that situation was remedied by the requirement of uninsured motorist coverage.[1]
Defendant's position is appealing until one confronts MCL 500.3009(2); MSA 24.13009(2). That statute expressly permits the exclusion from coverage of a named person, and provides that the vehicle owner and others legally responsible for the excluded person remain fully, personally liable. Section 3009(1) (which provides for minimum policy limitations) and (2) were adopted in December 1971, 1971 PA 210, less than a year before the no-fault scheme was adopted.[2] The named driver exclusion provision was adopted by the Legislature in response to a Court decision, Allstate Ins Co v Motor State Ins Co, 33 Mich App 469; 190 NW2d 352 (1971), which in May, 1971, had held such exclusions to be contrary to public policy and void. Thus, the Legislature specifically permitted named driver exclusions. No part of § 3009 was expressly *478 repealed by the no-fault act, and § 3009(1) is expressly referred to in § 3103 of the no-fault act.
Since the adoption of no-fault, the Motor Vehicle Accident Claims Act, MCL 257.1101 et seq.; MSA 9.2801 et seq. has been amended, 1975 PA 322, by the Legislature, and § 4(2), MCL 257.1104(2); MSA 9.2804(2), of this act alludes directly to named driver exclusions:
"The certificate [of insurance] shall state the name of each person named on the policy, policy declarations or declaration certificate whose operation of the vehicle causes the liability coverage to become void."
The 1975 amendment also added a section making the act inapplicable to accidents after January 1, 1976, MCL 257.1133; MSA 9.2833, but there was no mention of repealing 3009(2).
The history of and concerning § 3009 makes defendant's contention that § 3009(2) was impliedly repealed by the passage of no-fault difficult to accept. The passage of § 3009(2) was a legislative response of major significance and took place within a year of the passage of no-fault. Furthermore, the no-fault act, itself a major legislative undertaking, refers to § 3009(1), albeit not to § 3009(2). MCL 500.3103; MSA 24.13103.
Defendant counters with the argument that the section was retained to cover motorcyclists who were not initially covered by no-fault. This argument is somewhat weakened in light of the approval of MCL 500.3103; MSA 24.13103, in early 1976, 1975 PA 329. But it is true that § 3103 does not require residual liability coverage for motorcyclists (who have a far lower potential for incurring such liability to others than an automobile driver), and it is arguable that § 3009(2) and § 4(2) of the Motor Vehicle Accident Claims Act, MCL *479 257.1104(2); MSA 9.2804(2), have been retained to cover residual liability for excluded drivers of motorcycles.
Ultimately, the strongest argument defendant has to support its theory of implied repeal of § 3009(2) is based on public policy. That is, named driver exclusions are inconsistent with a policy of compulsory insurance designed to provide accident victims with assured, adequate, and prompt reparation for certain economic losses. The exclusions are intended to reduce premiums, and the excluded drivers are generally the highest risk drivers. Once excluded, these drivers would have to pay the highest rates for residual liability insurance, and this would not encourage such drivers to maintain their own insurance.
On the other hand, named driver exclusions do bring the cost of insurance down for some automobile owners and thereby make insurance feasible when it would otherwise be prohibitively expensive. Such a situation might exist where a family has a teenage driver with a poor driving record. Hence, there are countervailing policy considerations favoring named driver exclusions. In this regard the scope of the exclusion should be noted. It is an exclusion only for residual liability  personal protection insurance and property protection insurance should be provided by the victim's own no-fault insurance. Moreover, § 3009(2) expressly makes the owner of the vehicle driven by the excluded driver personally liable, thus creating an effective constraint to the use of automobiles by noninsured, excluded drivers. In any event, even residual liability coverage has limits beyond which a victim must rely upon the personal assets of the individual responsible for the accident.
The primary rule of statutory construction is to *480 determine and effectuate the Legislature's intent. Shulevitz v Dept of Treasury, 78 Mich App 655; 261 NW2d 31 (1977). If a statute is ambiguous, it must be construed consistent with reason. Stover v Retirement Board of the City of St. Clair Shores Firemen and Police Pension System, 78 Mich App 409; 260 NW2d 112 (1977). Defendant's position is especially difficult to accept in the face of the rule of construction that repeals by implication are not favored. Ottenwess v Hawkeye Security Ins Co, 84 Mich App 292, 298; 269 NW2d 570 (1978).
We find that the Legislature balanced the competing policy considerations of coverage versus lower costs by retaining within the broad coverage of no-fault the named driver exclusion provisions. Given the legislative history surrounding the statute, an express repeal or modification of § 3009(2) would otherwise be expected. Seldom is the legislative process without compromise. Defendant's strongest argument is based on policy considerations opposed to which are other, equally weighty policy considerations. Such determinations are best left to the Legislature, and the courts will not question the wisdom of the Legislature's determination. City of Lansing v Twp of Lansing, 356 Mich 641, 648; 97 NW2d 804 (1959), Melia v Employment Security Comm, 346 Mich 544, 561; 78 NW2d 273 (1956). The no-fault act is experimental and innovative, and in creating this scheme of insurance the Legislature was faced with difficult policy issues. The question of named driver exclusions was one such issue.
In passing we note that several cases have involved, in one way or another, consideration of § 3009(2) since the passage of no-fault. While apparently none of these cases has directly considered the issue in the instant case, all of the cases *481 have proceeded on the unquestioned assumption that § 3009(2) remains in force. See Detroit Automobile Inter-Insurance Exchange v Van Slyke, 82 Mich App 237; 266 NW2d 771 (1978), Allstate Ins Co v DeFrain, 81 Mich App 503; 265 NW2d 392 (1978), Gurwin v Alcodray, 77 Mich App 97; 257 NW2d 665 (1977), State Farm Fire & Casualty Co v Peckham, 74 Mich App 551; 254 NW2d 575 (1977), Allstate Ins Co v Detroit Automobile Inter-Insurance Exchange, 73 Mich App 112; 251 NW2d 266 (1976), Citizens Mutual Ins Co v Central National Ins Co of Omaha, 65 Mich App 349; 237 NW2d 322 (1975).
Affirmed. Our decision makes it unnecessary to consider plaintiffs' counterclaim. No costs, a public question being involved.
NOTES
[1] This coverage was mandated by MCL 500.3010; MSA 24.13010, which has since been repealed by the assigned claims provisions of no-fault, MCL 500.3171; MSA 24.13171, 1972 PA 345. Thus, defendant concludes that § 3009(2) was impliedly repealed by the passage of the no-fault act.
[2] The basic no-fault provisions were approved as of October 31, 1972. 1972 PA 294.