142 Mich. App. 436 (1985)
369 N.W.2d 908
ALLSTATE INSURANCE COMPANY
v.
DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE
Docket No. 75165.
Michigan Court of Appeals.
Decided May 6, 1985.
Baxter & Hammond (by James R. Piggush), for plaintiff.
Allaben, Massie, Vander Weyden & Timmer (by John J. Timmer), Willingham, Cote, Hanslovsky, Griffith & Foresman, P.C. (by John A. Yeager), and Weidner & McAuliff, Ltd. (by Richard J. Leamy, Jr.), of counsel, for Edward and Mary Gronkiewicz.
Before: MacKENZIE, P.J., and BRENNAN and R.E. ROBINSON,[*] JJ.
MacKENZIE, P.J.
This case involves the question *438 of whether an owner of a motor vehicle may be listed as an excluded driver in a no-fault policy. Plaintiff, Allstate Insurance Company, appeals as of right from an order granting defendant DAIIE's motion for summary judgment and finding the exclusion valid. We affirm.
On April 25, 1982, Edward and Mary Gronkiewicz's vehicle collided with a 1977 Oldsmobile owned and operated by defendant Billy Wayne Johnson. Johnson's car was insured by defendant DAIIE on a policy which listed the "principal named insured" as "Ruby or Billy W. Johnson". However, the DAIIE policy also listed Billy W. Johnson as an excluded driver. The policy contained the following warning:
"WARNING  WHEN A NAMED EXCLUDED PERSON OPERATES A VEHICLE ALL LIABILITY COVERAGE IS VOID  NO ONE IS INSURED. OWNERS OF THE VEHICLE AND OTHERS LEGALLY RESPONSIBLE FOR THE ACTS OF THE NAMED EXCLUDED PERSON REMAIN FULLY PERSONALLY LIABLE."
The renewal declaration certificate of the Johnsons' policy listed the principal driver as Ruby Johnson. It stated that the vehicle was rated for principal use by Ruby Johnson. A form excluding Billy W. Johnson from coverage (Insurance Bureau Notice and Authorization Form PL 72-1) had been signed only by Ruby Johnson on February 25, 1975.[1]
The Gronkiewiczes, insured under a no-fault policy with Allstate, brought an uninsured motorist claim against Allstate. Allstate denied coverage on the ground that Billy Wayne Johnson was not an uninsured motorist.
*439 On March 11, 1983, Allstate filed a complaint for declaratory judgment asserting that the DAIIE policy exclusion of owner/operator Billy W. Johnson was contrary to law and public policy. DAIIE countered with a motion for summary judgment claiming that MCL 500.3009(2); MSA 24.13009(2) specifically authorized exclusion of named drivers such as Johnson.
The trial court granted DAIIE's motion for summary judgment on November 28, 1983, finding the exclusion of Billy W. Johnson valid under MCL 500.3009(2). The court opined that an owner's risk could be separately insured because it might be different from a driver's risk.
MCL 500.3009(2) provides:
"When authorized by the insured, automobile liability or motor vehicle liability coverage may be excluded when a vehicle is operated by a named person. Such exclusion shall not be valid unless the following notice is on the face of the policy or the declaration page or certificate of the policy and on the certificate of insurance * * *: Warning  when a named excluded person operates a vehicle all liability coverage is void  no one is insured. Owners of the vehicle and others legally responsible for the acts of the named excluded person remain fully personally liable."
On appeal Allstate argues, first, that the exclusion of Billy Wayne Johnson was ineffective because he had an owner's policy of insurance pursuant to MCL 257.520(b); MSA 9.2220(b). The Johnsons did not purchase an operator's policy of liability insurance, which would cover operation of a vehicle not owned by the driver. MCL 257.520(b) describes an owner's policy as follows:
"Such owner's policy of liability insurance:
"(1) Shall designate by explicit description or by *440 appropriate reference all motor vehicles with respect to which coverage is thereby to be granted; and
"(2) Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle or motor vehicles * * *."
Allstate contends that the above provision mandated coverage of an owner for the "use" of his vehicle. In addition, Allstate argues, it is contrary to public policy to exclude an owner from liability insurance. Allstate maintains that the Legislature reasonably assumed that an owner would habitually drive his own car, and thus an owner's policy is required to cover that situation.
The Gronkiewiczes and DAIIE respond that exclusion of Billy Wayne Johnson was proper under MCL 500.3009(2). They contend that DAIIE followed all of the statutory requirements and that the trial court correctly granted summary judgment.
Allstate has raised an issue of first impression concerning the named driver exclusion. Although Allstate's arguments are ingenious, we find them lacking in merit.
Michigan courts have dealt with the named driver exclusion of MCL 500.3009(2) on several occasions. In Citizens Mutual Ins Co v Central National Ins Co of Omaha, 65 Mich App 349; 237 NW2d 322 (1975), the Court found invalid a policy provision attempting to exclude passengers of a motorcycle from coverage. The Court stated that a clear intent of § 3009 was to allow an insurance company to exclude only named persons, not classes of persons such as passengers.
This Court construed the named driver exclusion *441 again in Allstate Ins Co v DAIIE, 73 Mich App 112; 251 NW2d 266 (1976), in a situation similar to that in the present case. In Allstate v DAIIE a husband was named as an excluded driver in his wife's policy. The wife had authorized the exclusion, and the proper warning appeared on the policy and certificate of insurance. However, Allstate argued that the exclusion was void because the certificate of insurance did not specifically list the name of the excluded driver. This Court rejected that argument, ruling that the exclusion complied with the statute. The Court found that the warning was intended to notify the insured, not the general public, of the consequences of permitting a named excluded driver to operate a vehicle. The warning informed the owner, and others legally responsible for the named driver's acts, of their personal liability for the named driver's wrongdoing.
Another case to deal with the named driver exclusion was DAIIE v Comm'r of Ins, 86 Mich App 473; 272 NW2d 689 (1978). In that case the Court reviewed the history of MCL 500.3009(2) and found that it was a legislative response to Allstate Ins Co v Motor State Ins Co, 33 Mich App 469; 190 NW2d 352 (1971), a decision which had invalidated a named driver exclusion as unauthorized by statute and thus contrary to public policy.
In DAIIE v Comm'r of Ins, supra, the panel rejected the argument that the no-fault act had repealed the named driver exclusion by implication. The defendant raised a public policy argument similar to that made by Allstate here: that since the Legislature had enacted a comprehensive, compulsory insurance system, it would be inconsistent to force accident victims to recover from the personal holdings of those responsible. The panel found that argument unconvincing, noting *442 that the problem had been remedied by the requirement of uninsured motorist coverage. The panel also observed that named driver exclusions resulted in lower insurance costs for some automobile owners, thereby making insurance affordable when it would otherwise be prohibitively expensive.
In the case at bar, the question is whether the Legislature intended to allow an insurance company to exclude an owner from liability coverage under the named driver exclusion. Looking to the statute itself, it is clear that § 3009(2) contains no exception for vehicle owners. Where a statute is clear and unambiguous, there is no room for judicial construction or interpretation; the statute must be applied as written. Pittsfield Charter Twp v City of Saline, 103 Mich App 99; 302 NW2d 608 (1981). In DAIIE v Felder, 94 Mich App 40, 44; 287 NW2d 364 (1979), the Court found no ambiguity in MCL 500.3009(2) and termed § 3009(2) "clear and to the point".
Section 3009(2) permits an insurance company to exclude liability coverage "when a vehicle is operated by a named person". In our case Billy Wayne Johnson was a "named person" whose name appeared in the policy as a driver excluded from liability coverage. Had the Legislature wished to preclude an owner from being an excluded driver, it would have been a simple matter to say so. But the statute does not say that, and we see no reason why ownership of a vehicle should void the exclusion. Billy Wayne Johnson had a poor driving record with many violations and accidents. The cost of the Johnsons' premium reflected his exclusion. To now hold that he was an insured would defeat one of the primary purposes of the exclusion.
We also find unconvincing Allstate's argument *443 that MCL 257.520(b) negates exclusion of Billy Wayne Johnson from liability coverage. We see no conflict between that statute and MCL 500.3009(2). Even if there were a conflict, MCL 500.3009(2) would control because a specific statute, enacted subsequent to a more general statute and covering the same subject matter, prevails. Findling v T P Operating Co, 139 Mich App 30; 361 NW2d 376 (1984); Sutton v Cadillac Area Public Schools, 117 Mich App 38; 323 NW2d 582 (1982).
Finally, we note that adoption of Allstate's position might penalize honest automobile owners such as handicappers or elderly persons who, for whatever reason, wish to own a car but not drive it. Such persons have ownership interests to protect by insurance, separate from the interest of an operator or driver. Were we to judicially create an owners' exception to MCL 500.3009(2), we would be denying such persons the opportunity to avoid much higher insurance premiums. We do not believe the Legislature would have intended such a result.
For the above reasons, we hold that the named driver exclusion in MCL 500.3009(2) may properly be applied to the owner of a motor vehicle.
Allstate's second contention is that exclusion of Billy Wayne Johnson was ineffective because Johnson himself did not authorize the exclusion. Allstate argues that Ruby Johnson's signature was not sufficient to exclude Billy Wayne Johnson.
Again we find Allstate's argument lacking in merit. MCL 500.3009(2) states, "When authorized by the insured, automobile liability or motor vehicle liability coverage may be excluded when a vehicle is operated by a named person." The pertinent phrase in this provision, "authorized by the insured", does not require a signature by the insured. Instead, it requires authorization. Although *444 a signature is certainly one way of accomplishing authorization, it need not be the only way.
Furthermore, the statute does not specifically mandate authorization by both or all insureds where there is more than one named insured. In the present case the Johnsons' policy listed two names under "principal named insured": "Ruby or Billy W. Johnson" (emphasis added). The policy also identified Ruby Johnson as the principal driver. We do not believe that signatures (or authorizations) of both Ruby Johnson and Billy Wayne Johnson were necessary in this situation.
Allstate's argument is bottomed on principles of notice and fairness: "[T]he insured must necessarily have notice of [the name of the excluded driver] by virtue of the statutorily required authorization". Allstate v DAIIE, supra, 73 Mich App 116. In the case at bar, however, Billy Wayne Johnson clearly did have notice that he was an excluded driver. Policy renewal notices had been sent every six months since 1975 to his and Ruby Johnson's home, addressed to "Ruby or Billy W. Johnson". In addition, the statutorily required warning appeared prominently on the policy declaration sheet, the payment notice form, and the certificate of insurance. As the owner of the car, Billy Wayne Johnson would be expected to familiarize himself with the contents of these documents.
Finally, Billy Wayne Johnson received actual notice of the exclusion when, on July 4, 1980, Johnson had another accident while driving the 1977 Oldsmobile. DAIIE denied coverage of the 1980 accident because Billy Wayne Johnson was a named excluded driver. Any claim that Johnson could have lacked notice of his excluded driver status for the 1982 accident is not convincing on these facts.
*445 For the above reasons, we reject Allstate's contention that the trial court should have declared Billy Wayne Johnson an insured motorist under the DAIIE policy. Allstate has admitted that there are no disputed material facts. We conclude that the trial court's grant of DAIIE's motion for summary judgment was proper.
Affirmed.
NOTES
[*] Retired circuit judge, sitting on the Court of Appeals by assignment.
[1] The Johnsons' policy had originally been issued for a 1972 Oldsmobile. The same policy, including the exclusion of Billy W. Johnson, had been continued on the 1977 Olds. DAIIE's records did not show who owned the 1972 Olds.