VERBISON v AUTO CLUB INSURANCE ASSOCIATION

Docket No. 149786. Submitted August 3, 1993, at Detroit. Decided
October 4, 1993, at 9:10 A.M. Leave to appeal sought.

Keith M. Verbison brought an action in the Wayne Circuit Court
against Auto Club Insurance Association, his no-fault insurer,
seeking a declaration that the defendant must defend and
indemnify him in an action brought by a motorist injured by
the named excluded driver on the plaintiff's policy, who was
driving the plaintiff's automobile without the plaintiff's permis-
sion. The court, James A. Hathaway, J., granted summary
disposition for the defendant, rejecting the plaintiff's contention
that MCL 500.3009(2); MSA 24.13009(2), which allows an in-
surer, upon the request of the insured, to exclude liability
coverage if the insured automobile is operated by a named
excluded driver, violates constitutional guarantees of due pro-
cess when applied to a policyholder whose automobile is used
by the named excluded driver without the policyholder's per-
mission. The plaintiff appealed.

The Court of Appeals *held:*

1. MCL 500.3009(2); MSA 24.13009(2) is not violative of due
process. The statute, having a rational basis in competing
considerations of insurance coverage versus lower costs of
coverage, represents a valid exercise of the state's police powers
by the Legislature. Also, the plaintiff's expectation of coverage
despite the statute and the unambiguous policy language ex-
cluding coverage pursuant to the statute is his alone and does
not give rise to a property interest that is subject to the
protections of the Fifth or the Fourteenth Amendment.

2. The plaintiff's claim that he did not knowingly waive his
rights to due process is without merit.

Affirmed.

*Thomas D. Kipietro Law Offices* (by *Thomas K.
Dipietro* and *Ronald M. Haystead*), for the plain-
tiff.

*Brandt, Hanlon, Becker, Lanctot, McCutcheon,*

*Schoolmaster & Taylor* (by *Thomas A. Brandt*), and *John A. Lydick,* of Counsel, for the defendant.

Before: BRENNAN, P.J., and CORRIGAN and R. C. ANDERSON,* JJ.

CORRIGAN, J. In this action for declaratory judgment, plaintiff appeals as of right the grant of summary disposition to defendant and a declaration that defendant had no obligation to defend or indemnify plaintiff under an automobile insurance policy. We affirm.

The facts are undisputed. Plaintiff's automobile was insured with defendant pursuant to the no-fault act, MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.* The policy included an "Authorization for Excluded Driver (Named Excluded Person)" endorsement, pursuant to MCL 500.3009(2); MSA 24.13009(2), that named plaintiff's wife, Brenda Verbison, as an "excluded person." The endorsement included the following statutorily required language:

> WARNING—When a named excluded person operates a vehicle all liability coverage is void—no one is insured. Owners of the vehicle and others legally responsible for the acts of the named excluded person remain fully personally liable.

The same language was repeated in the body of the policy, together with an additional paragraph that read:

> If a vehicle is being operated by an individual named on the Declaration Certificate as an Excluded Driver, insurance under this policy is null and void for Bodily Injury Liability Insurance Coverage, Property Damage Liability Insurance

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Coverage, Comprehensive Coverage, Collision Coverage, Car Rental Coverage and Sound Equipment Coverage.

Plaintiff did not permit his wife to operate the vehicle. On October 12, 1990, she found a hidden set of keys, took the car, and was involved in an automobile accident. The injured motorist sued plaintiff and his wife. Plaintiff's alleged liability was presumably based on the owner's liability statute, MCL 257.401; MSA 9.2101. Plaintiff tendered the defense of the suit to defendant, which denied coverage, citing the "excluded driver" endorsement. Plaintiff then sought a declaration that defendant was required to defend and indemnify him in the third-party suit.

Because both parties agree that there are no material factual issues and the question involved is one of law, we treat the motion as one granted pursuant to MCR 2.116(C)(10). A motion for summary disposition under MCR 2.116 (C)(10) tests the factual support for a claim. The court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence available to it and grant summary disposition if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *AFL-CIO v Civil Service Comm,* 191 Mich App 535, 546-547; 478 NW2d 722 (1991); *Panich v Iron Wood Products Corp,* 179 Mich App 136, 139; 445 NW2d 795 (1989).

Plaintiff principally argues that MCL 500.3009(2); MSA 24.13009(2) unconstitutionally authorizes the deprivation of a property right without due process of law. We disagree.

MCL 500.3009(2); MSA 24.13009(2) provides:

If authorized by the insured, automobile liability

or motor vehicle liability coverage may be excluded when a vehicle is operated by a named person. Such exclusion shall not be valid unless the following notice is on the face of the policy or the declaration page or certificate of the policy and on the certificate of insurance: Warning—when a named excluded person operates a vehicle all liability coverage is void—no one is insured. Owners of the vehicle and others legally responsible for the acts of the named excluded person remain fully personally liable.

Statutes are presumed constitutional. *Katt v Ins Bureau,* 200 Mich App 648, 651; 505 NW2d 37 (1993), citing *Beacon Club v Kalamazoo Co Sheriff,* 332 Mich 412, 425; 52 NW2d 165 (1952). The presumption of constitutionality is rebuttable. A party challenging a legislative judgment may attack its constitutionality in terms of purely legal arguments, if the legislative judgment is so arbitrary and irrational as to render the legislation unconstitutional on its face. *Shavers v Attorney General,* 402 Mich 554, 614; 267 NW2d 72 (1978). As long as the Legislature's judgment is supported by a rational basis, the choices made and the distinctions drawn are constitutional. *O'Donnell v State Farm Mutual Automobile Ins Co,* 404 Mich 524, 542; 273 NW2d 829 (1979). The test to determine whether legislation enacted pursuant to the police power comports with due process is whether the legislation bears a reasonable relation to a permissible legislative objective. *Shavers, supra* at 612.

The applicability of procedural due process guarantees depends initially on the presence of a "property" or "liberty" interest within the meaning of the Fifth or Fourteenth Amendment. *Williams v Hofley Mfg Co,* 430 Mich 603, 610; 424 NW2d 278 (1988), citing *Arnett v Kennedy,* 416 US

134, 165; 94 S Ct 1633; 40 L Ed 2d 15 (1974). To have a property interest in a benefit, a person must have more than a unilateral expectation of it. *Williams, supra* at 610, quoting *Bd of Regents of State Colleges v Roth,* 408 US 564, 577; 92 S Ct 2701; 33 L Ed 2d 548 (1972). Property interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source." *Williams, supra* at 610-611. Because insurance companies "are the instruments through which the Legislature carries out a scheme of general welfare," *Shavers, supra* at 597, due process protections under the state and federal constitution are operative. *Id.* at 599.

Although the issue presented has not been squarely addressed, a number of our decisions have concluded that the provisions of MCL 500.3009(2); MSA 24.13009(2) are a valid exercise of legislative power, i.e., that the "rational basis" test of *Shavers* and *O'Donnell, supra,* has been met. As the Court said in *Muxlow v Auto Club Ins Ass'n,* 152 Mich App 817, 820; 394 NW2d 121 (1986) (holding that the owner of a vehicle may be named as an excluded driver), "the choice by the Legislature among competing policy considerations is best left to its determination and is not for the courts to question." See also *Detroit Automobile Inter-Ins Exchange v Comm'r of Ins,* 86 Mich App 473, 480; 272 NW2d 689 (1978). "[T]he Legislature balanced the competing policy considerations of coverage versus lower costs by retaining within the broad coverage of no-fault the named driver exclusion provisions." This Court "will not question the wisdom of the Legislature's determination." *Id.*

Plaintiff has not overcome the presumption that MCL 500.3009(2); MSA 24.13009(2) is constitutional. First, a nontangible property interest in-

volves "reasonab[le] reli[ance] upon an existing practice." *Bundo v Walled Lake,* 395 Mich 679, 694; 238 NW2d 154 (1976) (process for renewal of liquor licenses). Plaintiff proposed to limit the excluded driver rule to only those instances when the named insured has consented to the excluded driver's use of the vehicle. No panel of this Court has construed the statute in this fashion. Indeed, the Court has explicitly held that § 3009(2) presents "no room for judicial construction or interpretation." *Allstate Ins Co v Detroit Automobile Inter-Ins Exchange,* 142 Mich App 436, 442; 369 NW2d 908 (1985). See also, e.g., *Allstate Ins Co v Detroit Automobile Inter-Ins Exchange,* 73 Mich App 112, 115-116; 251 NW2d 266 (1976). Plaintiff, therefore, cannot have "*reasonably* relied upon an *existing* practice" in believing that the excluded driver provision applies only when the insured consents to the use of his vehicle. Plaintiff has no more than a "*unilateral* expectation" of his interpretation of the statute, not a property interest "defined by existing rules or understandings that stem from an *independent* source." See *Roth, supra* at 577 (emphasis supplied).

Plaintiff's argument is really no more than a public policy argument in constitutional garb. This Court will not interpose a policy-driven interpretation on the plain language of a statute in which the Legislature has chosen among competing policy concerns. The situations that plaintiff presents as arising because of the application of § 3009(2) are simply inapposite. For example, plaintiff did not permit his car to be driven without insurance coverage. Thus, he cannot be subject to criminal sanctions under MCL 500.3102(2); MSA 24.13102(2).

Finally, even if the suggested right to procedural due process were recognized, the outcome of this

case would remain the same. According to *Bundo, supra,* rudimentary due process requires

> (i) timely written notice detailing the reasons for proposed administrative action; (ii) an effective opportunity to defend by confronting any adverse witnesses and by being allowed to present in person witnesses, evidence, and arguments; (iii) a hearing examiner other than the individual who made the decision or determination under review; and (iv) a written, although relatively informal, statement of findings. [395 Mich 696; citations omitted.]

Plaintiff had timely written notice of the action because the effect of the exclusion was explicitly described in plaintiff's policy and on the endorsement. Because plaintiff does not dispute that his wife drove the car or that the exclusion was part of the policy, an opportunity to confront adverse witnesses or to present witnesses, evidence, and arguments would have made no difference. No other hearing examiner could have reached a different conclusion. And a "written . . . statement of findings" would not change the undisputed facts.

Plaintiff also argues that he did not knowingly waive his right to due process because he was not fully informed of the consequences of executing the "named driver" exclusion.

This issue was not raised below. As a general rule, this Court declines to consider an issue that was not decided by the trial court. *American Nat'l Fire Ins Co v Frankenmuth Mut Ins Co,* 199 Mich App 202, 210; 501 NW2d 237 (1993). If the issue is one of law, however, and the record is factually sufficient, we may consider the question. *Id.* Waiver of a right or privilege consists of (1) specific knowledge of the constitutional right and (2)

an intentional decision to abandon the protection of the constitutional right. *People v Grimmett,* 388 Mich 590, 598; 202 NW2d 278 (1972), citing *Johnson v Zerbst,* 304 US 458, 464; 58 S Ct 1019; 82 L Ed 1461 (1938). Courts indulge every reasonable presumption against waiver of fundamental constitutional rights. *Id.* The determination whether a waiver was intelligently and knowingly made depends upon the facts and circumstances of each particular case. *People v McKinley,* 383 Mich 529, 536; 176 NW2d 406 (1970).

Plaintiff's waiver argument is without merit. The "warning" on the policy plainly stated that "[w]hen a named excluded person operates a vehicle *all liability coverage is void—no one is insured. Owners of the vehicle* and others legally responsible for the acts of the named excluded person *remain fully personally liable*" (emphasis added). The policy went on to identify exactly which forms of coverage ("Bodily Injury Liability Insurance Coverage, Property Damage Liability Insurance Coverage," etc.) would be unavailable. The protection afforded under these forms of coverage were set out in the body of the policy. Plaintiff knew, or should have known, exactly what he would lose if his wife drove the vehicle. An insurer need not spell out the details of what is meant by full personal liability. The implications are clear enough.

Affirmed. Defendant may tax costs.