McMILLAN v AUTO CLUB INSURANCE ASSOCIATION

Docket No. 148573. Submitted January 4, 1994, at Grand Rapids. Decided May 16, 1994, at 9:20 A.M. Leave to appeal sought.

Lynn McMillan brought an action in the Muskegon Circuit Court against Auto Club Insurance Association, seeking benefits under an automobile insurance policy issued by the defendant to the plaintiff. The plaintiff's vehicle was damaged while Mervin Timmerman, with whom the plaintiff resided, was using the vehicle without the plaintiff's permission. The policy issued to the plaintiff provided that the nonmandatory provisions of the policy, including comprehensive and collision coverage, would be void and of no effect in the event of a loss that occurred while Timmerman was driving the vehicle. The defendant had denied coverage on the basis of that named-driver exclusion. The court, R. Max Daniels, J., granted summary disposition for the plaintiff on the basis that the vehicle had been stolen by Timmerman and that the theft of the vehicle precluded application of the named-driver exclusion. The defendant appealed.

The Court of Appeals *held:*

Although the policy provided that coverage would not be available when the named excluded driver was driving the vehicle, the policy language did not provide specifically that coverage would not be available if a named excluded driver's use of the vehicle was the result of the theft of the vehicle by that individual. Assuming that insurers may exclude from coverage a claim arising as the result of a theft by a named excluded driver, an excluded-driver provision to be enforceable must incorporate specifically language that notifies an insured that the exclusion applies even in the event of a theft by a named excluded driver. Because the policy at issue does not contain the necessary specific language and the defendant does not challenge the trial court's determination that Timmerman's use of the vehicle constituted theft, the court properly granted summary disposition for the plaintiff.

Affirmed.

REFERENCES

Am Jur 2d, Automobile Insurance § 149.

See ALR Index under Automobile Insurance.

M.J. TALBOT, J., dissenting, stated that the language of the policy is clear and unambiguous in its intent that coverage is not available when a loss occurs as a result of an excluded driver's operation of the vehicle. There could be no reasonable expectation on the part of the plaintiff in this case that coverage would be available even if the excluded driver used the vehicle without permission.

INSURANCE — AUTOMOBILES — EXCLUDED DRIVERS — THEFT.

An excluded-driver provision in an automobile insurance policy is applicable where an excluded driver is using the vehicle as a result of the theft of the vehicle only where the provision incorporates specifically language that notifies the insured that the exclusion applies even in the event of theft by the named excluded driver.

*Parmenter O'Toole* (by *Timothy G. Hicks* and *Linda S. Kaare*), for the plaintiff.

*Cunningham Dalman, P.C.* (by *Gordon H. Cunningham*) (*John A. Lydick,* of Counsel), for the defendant.

Before: SAWYER, P.J., and NEFF and M. J. TALBOT,* JJ.

SAWYER, P.J. Defendant appeals from an order of the circuit court granting summary disposition in favor of plaintiff on plaintiff's claim for benefits under an automobile insurance policy issued by defendant to plaintiff. We affirm.

Plaintiff owned a 1989 Dodge Ram van and was insured under a no-fault automobile insurance policy issued by defendant. At the time in question, plaintiff resided with Mervin Carl Timmerman, who apparently had a poor driving record and had previously been involved in an accident with one of plaintiff's vehicles. In exchange for a lower premium, plaintiff obtained a policy from defendant with a named-driver exclusion that ex-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

plicitly excluded Timmerman as a driver of the insured vehicle. The named-driver exclusion provided that various nonmandatory coverages, including comprehensive and collision, would be void and of no effect if the vehicle were operated by the named excluded person, in this case, Timmerman.

While this insurance policy was in effect, plaintiff drove himself to the hospital, where he was admitted and treated for an apparent cardiac problem. Plaintiff called his brother to the hospital and gave him the keys to the van, requesting that the brother return the van to plaintiff's home. According to plaintiff, he instructed his brother that Timmerman was not to be allowed to drive the van or to have access to the van's keys. Nevertheless, Timmerman found the keys in a drawer at the residence, took the vehicle, and was involved in an accident with a tree, causing approximately $12,000 worth of damage to the vehicle. Plaintiff maintains, and defendant does not appear to dispute, that Timmerman had taken the vehicle without permission at the time of the accident and had, in fact, been instructed on prior occasions that he was not to drive the vehicle.

Plaintiff filed a claim with defendant, which denied the claim on the basis that the vehicle was being operated by the named excluded driver at the time of the accident. Plaintiff maintains that he is entitled to coverage under the policy because the vehicle had been stolen; defendant maintains that whether the vehicle was stolen or not is irrelevant because in either case it was being operated by a named excluded driver and, therefore, there was no coverage under either the comprehensive or collision coverages of the policy. The trial court concluded that coverage was available because the vehicle had been stolen.

While defendant's brief on appeal does note that

there is some dispute whether this represents a theft case in light of the fact that Timmerman was plaintiff's roommate and that no criminal theft or joyriding charges were ever brought, defendant does not present an argument that the trial court erred in concluding that the vehicle was stolen. Rather, defendant argues that the theft issue "is a red herring," because it is irrelevant to this dispute. Rather, defendant argues that coverage is precluded because the vehicle was being operated by a named excluded driver without regard to whether the named excluded driver took the vehicle with or without permission. While we agree with defendant that it is irrelevant whether we categorize plaintiff's claim as being one seeking recovery of a loss for theft or one for collision, because both are excluded under the named excluded driver provision, we do not share defendant's conclusion that the issue of theft is irrelevant to the decision whether the provision excluding a named driver applies.

Insurance companies are specifically authorized by statute to include named-driver exclusions in their policies. MCL 500.3009(2); MSA 24.13009(2). Thus, the validity of the exclusion is not at issue, merely its scope. In interpreting an insurance contract, we must uphold the clear meaning of the insurance contract in the absence of an ambiguity if the provision does not violate public policy. *Vanguard Ins Co v Clarke,* 438 Mich 463, 471; 475 NW2d 48 (1991). However, where two constructions may be placed on an insurance policy, the construction most favorable to the policyholder will be adopted. *Id.* at 471-472. Specifically, we will strictly construe against the insurer exceptions to coverage. *Id.* at 472. Furthermore, there also exists a rule of reasonable expectation. Under this rule, the court will examine whether the policyholder,

in reading the contract language, is led to a reasonable expectation of coverage. *Id.*

In the case at bar, the insurance policy provided for coverage in the event of both theft and collision. Furthermore, it contained an excluded-driver provision that did indicate that various coverages, including comprehensive (theft) and collision coverages, were void if the vehicle were operated by a named excluded driver. That provision, however, is silent on the issue of what effect, if any, theft by a named excluded driver may have on those coverages.[1] We conclude that this silence allows for two possible interpretations of the contract: either that the provision excluding a named driver applies in all circumstances where the vehicle is being driven by a named excluded driver (defendant's interpretation) or that it applies only where the named excluded driver is operating a vehicle with the insured's permission (plaintiff's interpretation).

Which interpretation to choose, we believe, may be resolved by reliance on the rule of reasonable expectation. Further, we believe that the rule of reasonable expectation favors plaintiff's interpretation in this dispute, particularly in light of the fact that exclusionary clauses are to be construed strictly against the insurer. In reading the provisions of the policy, we believe that a reasonable insured would expect that if the named excluded driver were allowed to operate the vehicle then the various coverages would be void. However, we also believe that a reasonable insured would also expect that if the vehicle were stolen, even if stolen by a named excluded driver, then there would be coverage under the policy. To put the

---

[1] We use the word "theft" quite broadly in this context and would include, for purposes of this opinion, cases where the vehicle was taken without permission but without the intent to permanently deprive.

matter in other words, while the language of the policy puts an insured on notice that he is not to allow the named excluded driver to operate the vehicle, it does not inform him that he is without coverage if the named excluded driver should take the vehicle without permission.

Finally, we should briefly consider the effect of the recent decision in *Verbison v Auto Club Ins Ass'n,* 201 Mich App 635; 506 NW2d 920 (1993). Although *Verbison* did involve a named-driver exclusion and a taking without permission, we do not agree with defendant that it is controlling in this case. *Verbison* did not address the question of the application of the exclusion when a theft is involved, but rather it addressed the validity of the exclusion and the adequacy of the notice to the insured that there was no liability coverage if the vehicle was operated by the named excluded driver. Although the *Verbison* Court was not asked to address the effect of a theft on the excluded-driver exclusion and did not in fact address that question, we are asked to address that question.

In sum, we need not and do not determine whether either the statute or public policy allows for an insurer to exclude from coverage claims arising from a named excluded driver's theft of a vehicle. Rather, we determine that the excluded-driver provision in the policy at bar is not sufficiently broad to exclude from coverage claims arising from the theft of a vehicle by a named excluded driver, even assuming that such exclusions may be made that broad. That is, assuming that insurers may exclude from coverage claims arising from theft by named excluded drivers, the excluded-driver provision must incorporate specifically language that notifies the insured that the exclusion applies even in the event of theft by the

named excluded driver. Absent such explicit language, the insured has a reasonable expectation of coverage in the event of such a theft. Accordingly, because the excluded-driver provision in the case at bar did not exclude specifically coverage where there was a theft by the named excluded driver, we conclude that the trial court correctly determined that plaintiff was entitled to coverage if the vehicle were stolen by the named excluded driver. Because defendant does not challenge the trial court's conclusion that this case represents a theft rather than a permissive operation of the vehicle, we conclude that the trial court did not err in granting summary disposition in favor of plaintiff.

Affirmed. Plaintiff may tax costs.

NEFF, J., concurred.

M. J. TALBOT, J. *(dissenting).* I must dissent.

The plaintiff's insurance policy contained the following provision under the heading "Authorization for Excluded Driver":

> WARNING—When a named excluded person operates a vehicle all liability coverage is void—no one is insured. Owners of the vehicle and others legally responsible for the acts of the named excluded person remain fully personally liable.

MCL 500.3009(2); MSA 24.13009(2) authorizes use of a named-driver exclusion:

> If authorized by the insured, automobile liability or motor vehicle liability coverage may be excluded when a vehicle is operated by a named person.

This section also requires that the identical language in the warning quoted above be included in the policy to be valid.

In the policy at issue, the statutorily required warning was written verbatim. In addition, the exclusion contained the following language implementing the statute:

> In the event a vehicle insured under any policy to which this authorization applies is involved in a loss, I understand that if the vehicle was then being driven by a named excluded person:
> 1. The following coverages under the policy would be void and of no effect:
>
> | Bodily Injury Liability | Collision |
> | Property Damage Liability | Car Rental |
> | Comprehensive | Sound Equipment |

The majority has found that the provisions at hand are ambiguous in their scope.

It is a well-established principle in contract law that an ambiguous provision in an insurance contract must be construed against the drafting insurer and in favor of the insured. If, however, the provision is clear and unambiguous, the terms are to be taken and understood in their plain and ordinary sense. *Clevenger v Allstate Ins Co,* 443 Mich 646, 654; 505 NW2d 553 (1993). A contract is ambiguous when its words may be reasonably understood in different ways. *Raska v Farm Bureau Mutual Ins Co,* 412 Mich 355, 362; 314 NW2d 400 (1982). If a fair reading can lead to different results, the contract is ambiguous and should be construed against its drafter and in favor of coverage. *Id.*

The majority believes that an ambiguity is created by the policy's silence with respect to what effect theft by a named excluded driver may have on coverage. The answer is within the majority opinion itself where it states:

> [The insurance policy] contained an excluded-

driver provision that did indicate that various coverages, including comprehensive (theft) and collision coverages, were void if the vehicle were operated by a named excluded driver. [*Ante,* at 277.]

I cannot agree that this policy is silent with respect to coverage where a named excluded driver has stolen a vehicle. The words in the provision are loud, clear, and explicit: "all liability coverage is void."

Furthermore, the majority states that two possible interpretations of this contract stem from this "silence." The majority adopts plaintiff's interpretation that the named-driver exclusion applies only where the excluded driver is operating the vehicle with the insured's permission. This position, however, is inherently illogical. Under the majority's reasoning, *coverage exists* every time the excluded driver takes the vehicle without permission. The only situation where coverage would not exist would be in the unlikely circumstance where the insured affirmatively allows the excluded driver to operate the vehicle.

To reach this rather convoluted result, the majority relies upon the "rule of reasonable expectation." In *Powers v DAIIE,* 427 Mich 602, 611; 398 NW2d 411 (1986), the Supreme Court applied the rule of reasonable expectation, as well as other rules of construction, to void exclusions in policies where the insurer's method of exclusion—"by the definition of terms at variance with their common meaning, which most policyholders would consider clear without definition"—were found to be ambiguous. The Court considered whether the policyholder, upon reading the liability provisions, could reasonably expect coverage.

In applying this test to the case at bar, the

majority reached a conclusion that is inconsistent with the language of the policy. The majority admits that the policy does provide notice that the excluded driver not be allowed to drive the vehicle. However, the opinion continues, the reasonable expectation of the insured under this policy would be that the vehicle would be covered if the excluded driver were to operate the vehicle without permission! I disagree. How could *any* insured reasonably expect coverage in the face of language as clear as, "when a named excluded person operates a vehicle, all liability coverage will be void . . . "? As Chief Justice WILLIAMS stated in *Powers:* "If the insurer intends to exclude such coverage when the insured person drives certain cars, it is simple enough to say so." *Id.* at 633. The exclusion at issue in this case, and the effects of it, are just that: clearly and simply stated.

Moreover, the majority has dismissed summarily a recent decision by this Court that it is bound to follow pursuant to Administrative Order No. 1990-6, as extended by Administrative Order No. 1994-3.[1] *Verbison v Auto Club Ins Ass'n,* 201 Mich App 635; 506 NW2d 920 (1993). The facts in *Verbison* are similar to those at bar. The plaintiff's policy included a provision excluding a named driver identical to the exclusion here. The excluded driver in *Verbison* found a hidden set of keys, took the car, and was involved in a collision. The defendant denied coverage pursuant to the excluded-driver endorsement. The plaintiff brought a declaratory judgment action on the basis that the constitutional guarantees of due process were abridged

---

[1] Administrative Order No. 1990-6 reads in pertinent part:

A panel of the Court of Appeals must follow the rule of law established by a prior published decision of the Court of Appeals issued on or after November 1, 1990.

by the excluded-driver provision. The plaintiff argued that the warning in the policy was inadequate to allow him to waive knowingly his right to due process because he was not fully informed of the consequences of the exclusion. The *Verbison* Court responded by reaffirming this Court's position that the policy language dictated by MCL 500.3009(2); MSA 24.13009(2) is clear and unambiguous. "[T]he Court has explicitly held that § 3009(2) presents 'no room for judicial construction or interpretation.'" *Id.* at 640, quoting *Allstate Ins Co v DAIIE,* 142 Mich App 436, 492; 369 NW2d 908 (1985). See also, e.g., *Allstate Ins Co v DAIIE,* 73 Mich App 112; 251 NW2d 266 (1976).