McMILLAN v AUTO CLUB INSURANCE ASSOCIATION

Docket No. 100463. Decided November 28, 1995. On application by the defendant for leave to appeal, the Supreme Court, in lieu of granting leave to appeal, reversed the judgments of the Court of Appeals and the circuit court, and remanded the case to the circuit court for further proceedings.

Lynn McMillan brought an action in the Muskegon Circuit Court against Auto Club Insurance Association, seeking recovery under his no-fault policy for damages to his vehicle after his roommate, an excluded-driver under the policy, stole the vehicle and wrecked it. The court, R. Max Daniels, J., granted partial summary disposition for the plaintiff, finding that the loss was compensable as a theft under the comprehensive portion of the policy. The Court of Appeals, SAWYER, P.J., and NEFF, J. (M. J. TALBOT, J., dissenting), affirmed, finding that the excluded-driver provision in the policy was not sufficiently broad to exclude from coverage claims arising from the theft of a vehicle by a named excluded driver and that the insured has a reasonable expectation of coverage in the event of such a theft (Docket No. 148573). The defendant seeks leave to appeal.

In an opinion per curiam, signed by Chief Justice BRICKLEY, and Justices BOYLE, RILEY, MALLETT, and WEAVER, the Supreme Court *held:*

The excluded-driver language of the policy is entirely clear, explicitly providing that if a named excluded person is driving and the vehicle is involved in a loss, various coverages, including comprehensive and collision, are void.

Reversed and remanded.

Justices LEVIN and CAVANAGH would grant leave to appeal.

205 Mich App 273; 517 NW2d 310 (1994) reversed.

*Parmenter, O'Toole* (by *Timothy G. Hicks*) for the plaintiff.

*Cunningham, Dalman, P.C.* (by *Gordon H. Cunningham*); *John A. Lydick,* of counsel, for the defendant.

PER CURIAM. The plaintiff purchased a no-fault insurance policy from the defendant. The policy named his roommate as an excluded driver. When the roommate stole the plaintiff's van and wrecked it, a dispute arose regarding coverage. The circuit court granted summary disposition to the plaintiff, finding coverage. The Court of Appeals affirmed. We reverse the judgments of the Court of Appeals and the circuit court, and remand the case to the circuit court for further proceedings.

I

Plaintiff Lynn McMillan owned a 1989 Dodge van. He resided with a man named Mervyn C. Timmerman, who had a bad driving record and had been involved in an accident with one of Mr. McMillan's other vehicles.

Mr. McMillan was insured under a no-fault policy issued by defendant Auto Club Insurance Association (ACIA).[1] In exchange for a reduced premium, Mr. McMillan had purchased a policy that listed Mr. Timmerman, as a "named excluded person."

With regard to Mr. Timmerman, the policy stated if he drove the insured vehicle all liability coverage would be void. Likewise, all collision and comprehensive coverage (which included coverage against theft) would be void if Mr. Timmerman were to drive the vehicle.[2]

---

[1] This case has not yet been tried. However, there is no dispute regarding the facts for the purpose of this appeal.

[2] Exclusion of liability coverage is authorized by MCL 500.3009(2); MSA 24.13009(2). The statute does not prohibit exclusion of collision and comprehensive coverages. In this instance, the policy included the following cautionary language:

WARNING—When a named excluded person operates a vehi-

After purchasing the policy that named Mr. Timmerman as an excluded driver, Mr. McMillan repeatedly told Mr. Timmerman that he was not to drive the vehicle.

One day in November 1990, Mr. McMillan suffered a heart attack. He drove himself to the hospital, where he was admitted. He summoned his brother to the hospital and gave him the keys to his van, requesting that the brother drive the vehicle home. The plaintiff told his brother not to allow Mr. Timmerman to drive the van, and not to permit Mr. Timmerman access to the keys.

Mr. Timmerman nevertheless found keys at the residence he shared with Mr. McMillan. He drove the vehicle away, later colliding with a tree. The accident caused approximately $11,600 in damages.

Mr. McMillan filed a claim, which ACIA twice

cle all liability coverage is void—no one is insured. Owners of the vehicle and others legally responsible for the acts of the named excluded person remain fully personally liable.

The policy further provided:

In the event a vehicle insured under any policy to which this authorization applies is involved in a loss, I understand that if the vehicle was then being driven by a named excluded person:
1. The following coverages under the policy would be void and of no effect:

| | |
|---|---|
| Bodily Injury Liability | Collision |
| Property Damage Liability | Car Rental |
| Comprehensive | Sound Equipment |

2. Property Protection Insurance and Personal Protection Insurance Coverages are not affected by this named excluded person limitation;
3. The owner and operator may be subject to criminal penalty including a fine of up to $500 and/or imprisonment for not more than one year.

The policy listed Mervyn Carl Timmerman as a named excluded person.

denied, citing the excluded-driver provision that named Mr. Timmerman. Mr. McMillan then filed a complaint against ACIA, seeking to recover the amount of the loss.[3]

Both parties filed motions for summary disposition. At a hearing on this matter, the circuit court granted partial summary disposition in favor of Mr. McMillan, explaining:

> Well, I would rule in favor of your client because he has no control over who steals his car. If in fact you fill out your claim of loss that someone has stolen the car, that's a sworn statement I assume, subject to penalties of perjury, and based on theft in this case, I would grant the coverage under the theft because he has no control over someone stealing his car. There may be suspicious circumstances and somebody may be lying, but if they are, they are subject to perjury.

The circuit court entered an order granting partial summary disposition. Soon after, it entered a final judgment granting $11,744.80 to Mr. McMillan.[4]

ACIA appealed, but the Court of Appeals affirmed. 205 Mich App 273; 517 NW2d 310 (1994). Wayne Circuit Judge MICHAEL J. TALBOT, sitting by assignment, dissented. By the same two to one split, the Court later denied rehearing.[5]

---

[3] In his complaint, the plaintiff says that he filed a "claim for property damage . . . ." The December 20, 1990 denial letter from ACIA likewise refers to a "claim for damages to [the vehicle]." A second, undated, letter from ACIA refers to a "collision claim." However, at the hearing in circuit court, Mr. McMillan's attorney characterized this as a "theft claim," rather than as a "collision claim."

[4] In its judgment, the circuit court found that the loss was "compensable as a 'total theft' under the comprehensive portion of the policy . . . ." Saying that Mr. McMillan had not pursued a claim against the policy's collision coverage, the court made no finding with regard to whether there was collision coverage on these facts.

[5] Unpublished order of the Court of Appeals, entered July 21, 1994 (Docket No. 148573).

Acia has applied to this Court for leave to appeal.

II

Noting that named-driver exclusions are permitted by MCL 500.3009(2); MSA 24.13009(2), the Court of Appeals majority began by stating that "the validity of the exclusion is not at issue, merely its scope." 205 Mich App 276. The majority next observed that, while it must uphold clear language of an insurance contract if the language does not violate public policy, a policy that is susceptible to two interpretations is to be construed in accordance with the reasonable expectations of an insured. The majority then stated that the policy in the present case allows two possible interpretations, of which one comports with the reasonable expectations of the insured:

> In the case at bar, the insurance policy provided for coverage in the event of both theft and collision. Furthermore, it contained an excluded-driver provision that did indicate that various coverages, including comprehensive (theft) and collision coverages, were void if the vehicle were operated by a named excluded driver. That provision, however, is silent on the issue of what effect, if any, theft by a named excluded driver may have on those coverages.[1] We conclude that this silence allows for two possible interpretations of the contract: either that the provision excluding a named driver applies in all circumstances where the vehicle is being driven by a named excluded driver (defendant's interpretation) or that it applies only where the named excluded driver is operating a vehicle with the insured's permission (plaintiff's interpretation).
>
> Which interpretation to choose, we believe, may be resolved by reliance on the rule of reasonable expectation. Further, we believe that the rule of

reasonable expectation favors plaintiff's interpretation in this dispute, particularly in light of the fact that exclusionary clauses are to be construed strictly against the insurer. In reading the provisions of the policy, we believe that a reasonable insured would expect that if the named excluded driver were allowed to operate the vehicle then the various coverages would be void. However, we also believe that a reasonable insured would also expect that if the vehicle were stolen, even if stolen by a named excluded driver, then there would be coverage under the policy. To put the matter in other words, while the language of the policy puts an insured on notice that he is not to allow the named excluded driver to operate the vehicle, it does not inform him that he is without coverage if the named excluded driver should take the vehicle without permission.

---

[1] We use the word "theft" quite broadly in this context and would include, for purposes of this opinion, cases where the vehicle was taken without permission but without the intent to permanently deprive.

---

[205 Mich App 277-278.]

The majority acknowledged an apparently contrary decision by the Court of Appeals. *Verbison v ACIA,* 201 Mich App 635; 506 NW2d 920 (1993). However, it found *Verbison* not to be controlling, on the ground that the earlier panel "was not asked to address the effect of a theft on the excluded-driver exclusion and did not in fact address that question . . . ."

The majority concluded its analysis in this fashion:

In sum, we need not and do not determine whether either the statute or public policy allows for an insurer to exclude from coverage claims arising from a named excluded driver's theft of a vehicle. Rather, we determine that the excluded-driver provision in the policy at bar is not suffi-

ciently broad to exclude from coverage claims arising from the theft of a vehicle by a named excluded driver, even assuming that such exclusions may be made that broad. That is, assuming that insurers may exclude from coverage claims arising from theft by named excluded drivers, the excluded-driver provision must incorporate specifically language that notifies the insured that the exclusion applies even in the event of theft by the named excluded driver. Absent such explicit language, the insured has a reasonable expectation of coverage in the event of such a theft. Accordingly, because the excluded-driver provision in the case at bar does not exclude specifically coverage where there was a theft by the named excluded driver, we conclude that the trial court correctly determined that plaintiff was entitled to coverage if the vehicle were stolen by the named excluded driver. Because defendant does not challenge the trial court's conclusion that this case represents a theft rather than a permissive operation of the vehicle, we conclude that the trial court did not err in granting summary disposition in favor of plaintiff. [205 Mich App 278-279.]

Writing in dissent, Judge TALBOT said that the previously quoted excluded-driver endorsement was not ambiguous. Instead, he characterized the provision as "loud, clear, and explicit: 'all liability coverage is void.'" 205 Mich App 281. Judge TALBOT also would have held that *Verbison* was controlling authority under Administrative Order No. 1990-6, 436 Mich lxxxiv.[6]

III

We agree with the dissenting opinion in the Court of Appeals. The excluded-driver language of the policy is entirely clear. It explicitly provides

[6] The Administrative Order was extended several times, and has now been replaced by Administrative Order No. 1994-4, 445 Mich xci.

that if a named excluded person is driving and the vehicle is involved in a loss, various coverages (including comprehensive and collision) are void.

Mr. McMillan bargained with defendant that he would not be covered under the policy when Mr. Timmerman drove his car. In exchange, defendant charged Mr. McMillan a reduced premium. There is no indication that the parties did not freely enter into this bargain in order to gain the respective financial benefits of doing so. Unfortunately, the event that Mr. McMillan declined to hedge against happened: Mr. Timmerman drove his van and caused damage to it. Defendant can now enforce its end of the bargain and refuse coverage for the damage.

As Judge TALBOT observed, there is no interpretive problem caused by silence in the policy. Rather, this case falls squarely within the policy language.

For these reasons,[7] we reverse the judgments of the circuit court and the Court of Appeals, and we remand this case to the circuit court for proceedings consistent with this opinion. MCR 7.302(F)(1).

BRICKLEY, C.J., and BOYLE, RILEY, MALLETT, and WEAVER, JJ., concurred.

LEVIN and CAVANAGH, JJ. We would not dispose of this case by per curiam opinion but would instead grant leave to appeal to have the case briefed and orally argued.

[7] Because we have reached the merits of this coverage dispute, we need not decide whether *Verbison* was controlling authority for the Court of Appeals panel that considered this case.